JUDGE CHIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ATLANTIC CASUALTY
INSURANCE COMPANY,

Plaintiff,

v.

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,
VASILIS AFTOUSMIS, and CONSTANTIA
AFTOUSMIS,

Defendants.
-------------------------------------------------------------X

Case No.



'07 CIV 4098

## COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY JUDGMENT

Plaintiff ATLANTIC CASUALTY INSURANCE COMPANY ("Atlantic Casualty"), by its attorneys, as and for its Complaint for Declaratory Judgment and Money Judgment, alleges as follows:

### THE NATURE OF THIS ACTION

1.      This insurance coverage and declaratory judgment litigation arises out of claims that defendants Forthright Construction, Inc. ("Forthright") and Wonder Works Construction Corporation ("Wonder Works") are entitled to coverage in connection with an underlying action entitled Vasilis Aftousmis and Constantia Aftousmis v. Wonder Works Construction Corp. and Forthright Construction, Inc., Index No. 102479/07, Supreme Court of the State of New York, County of New York, filed on February 22, 2007 (the "Aftousmis Action").

2.      The Aftousmis Action alleges that the plaintiffs therein owned premises located at 97 Quentin Road, Brooklyn, New York.  It also alleges that Wonder Works was the construction

manager and that Forthright was the general contractor for the construction of the building adjacent to the plaintiffs' premises. Further, it alleges that Wonder Works' and Forthright's faulty excavation and other work damaged the plaintiffs' property.

3.      The Aftousmis Action seeks $10,000,000.00 in damages.

4.      Atlantic Casualty denied coverage and is providing Forthright with a courtesy interim defense in the Aftousmis Action.

5.      Atlantic Casualty has denied coverage to Wonder Works for the Aftousmis Action.

6.      In this action, Atlantic Casualty respectfully requests a judicial determination that it has no obligation to provide a defense and/or indemnity with respect to the Aftousmis Action. Atlantic Casualty's action is based upon the terms, conditions, provisions and exclusions of the contracts of insurance issued by Atlantic Casualty to Forthright (the "Atlantic Casualty insurance contracts"). Among other things, the allegations in the Aftousmis Action are excluded from coverage under the express terms of the Atlantic Casualty insurance contracts and there was a failure to provide the required timely written notice to Atlantic Casualty, which bars coverage under settled New York law.

7.      In addition, Atlantic Casualty seeks a money judgment recouping all amounts Atlantic Casualty incurs for the defense and any indemnity plus interest for the Aftousmis Action.

## JURISDICTION AND VENUE

8.      Atlantic Casualty files this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

9.      Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

10.      There is complete diversity of citizenship between Atlantic Casualty and the defendants herein.

11.      Venue in this District is proper under 28 U.S.C. § 1391(a) (1), (2), (3) and (c).

12.      An actual case and controversy of justiciable nature exists between the parties, involving the rights and obligations of the parties under the insurance contracts issued by Atlantic Casualty.

13.      Atlantic Casualty is, therefore, entitled to bring the instant declaratory relief and money judgment action in this Court.

## THE PARTIES

14.      Atlantic Casualty Insurance Company is a North Carolina corporation with its principal place of business in Goldsboro, North Carolina. Atlantic Casualty transacts business in the State of New York.

15.      Upon information and belief, at all relevant times, defendant Forthright Construction, Inc. is a New York corporation and has its principal place of business in New York.

16.      Upon information and belief, at all relevant times, defendant Wonder Works Construction Corporation is a New York corporation and has its principal place of business in New York.

17.    Upon information and belief, at all relevant times, defendants Vasilis Aftousmis and Constantia Aftousmis are individuals and residents of the State of New York.

### THE *AFTOUSMIS ACTION*

18.    Upon information and belief, at all relevant times, defendants Vasilis and Constantia Aftousmis owned the premises located  at 97 Quentin Road, Brooklyn, New York (the "premises").

19.    The Aftousmis Action alleges that Wonder Works was the construction manager and supervisor for the construction of a building adjoining the plaintiffs' premises.

20.    The Aftousmis Action alleges that Forthright was the general contractor for the construction of a building adjacent to the plaintiffs' property in Brooklyn, New York.

21.    The Aftousmis Action also alleges that the excavation work for the building was allegedly done at a depth of "more than ten feet below the street line of 97 Quentin Road, Brooklyn, New York". (¶8)  Moreover, it alleges that Wonder Works and Forthright "wrongfully neglected to request permission to excavate" the soil beneath the plaintiffs' premises and failed to notify the plaintiffs of the excavation near to and underneath their premises.

22.    In addition, the Aftousmis Action alleges that Wonder Works and Forthright wrongfully neglected to provide proper foundations to protect plaintiffs' walls and premises and ensure that they would be safe once excavation commenced. The complaint alleges that Wonder Work's and Forthright's construction and excavation work caused cracks to develop in the walls and cement floor of the plaintiffs' premises.

23.    Atlantic Casualty has denied coverage for the Aftousmis Action, and is providing a courtesy interim defense to Forthright in the Aftousmis Action.

24.    Atlantic Casualty has denied coverage to Wonder Works for the <u>Aftousmis</u> Action.

## THE INSURANCE CONTRACT

25.    Atlantic Casualty Insurance Company issued to Forthright Construction, Inc. of 2240 McDonald Avenue, Brooklyn, New York 11223, insurance contracts numbered L036000522, with a policy period of 11/24/03 – 11/24/04;  L036001127, with a policy period of 11/24/04 – 11/24/05; and L036001737, with a policy period of 11/24/05 – 11/24/06.

26.    The Atlantic Casualty insurance contracts are subject to all of their terms, conditions, provisions and exclusions, which are fully incorporated herein by reference. Among other things, the Atlantic Casualty insurance contracts provide as follows:

**SECTION I COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

    **1.**    **Insuring Agreement**

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

            (1)    The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

            (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages A and B.

        b.   This insurance applies to "bodily injury" and "property damage" only if:

    (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)    The "bodily injury" or "property damage" occurs during the policy period; and

e.    Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

## 2.    Exclusions

This insurance does not apply to:

### a.    Expected Or Intended Injury[1]

"bodily injury" or "property damage" expected or intended from the standpoint of the insured.

### j.    Damage To Property

"Property damage" to:

    (1)    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

    (2)    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

    (3)    Property loaned to you;

    (4)    Personal property in the care, custody or control of the insured;

    (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    (6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of 7 or fewer consecutive days.

---

[1] The language of this exclusion is taken from provision 3. of the "Exclusion – Assault and/or Battery" in the Combination Endorsement.

A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III Limits Of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

**k.    Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.    Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.    Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\* \* \*

## SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS ...

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit.**

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1)    How, when and where the "occurrence" or offense took place;

(2)    The names and addresses of any injured persons and witnesses; and

(3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

(1)    Immediately record the specifics of the claim or "suit" and the date received; and

(2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

(1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

(2)    Authorize us to obtain records and other information;

(3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured

because of injury or damage to which this insurance may also apply.

d.    No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\* \* \*

## EXCLUSIONS/LIMITATIONS - COMBINATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

### EXCLUSION – PUNITIVE DAMAGES

We do not cover any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damage attributable to punitive or exemplary damages.

\* \* \*

### EXCLUSION – INDEPENDENT CONTRACTORS/SUBCONTRACTORS

You or any insured are not covered for claims, loss, costs or expense arising out of the actions of independent contractors/subcontractors for or on behalf of any insured.

\* \* \*

### EXCLUSION – SUBSIDENCE

In consideration of the premium charged, it is hereby understood and agreed that liability for bodily injury or property damage caused by, resulting from, attributable to or contributed to, or aggravated by the subsidence of land as a result of a landslide, mud flow, earth sinking or shifting, resulting from operations of the Named Insured or any other subcontractor of the Named Insured  is excluded.

\* \* \*

### EXCLUSION – CLAIMS IN PROCESS

Paragraphs **b. (3), c. and d.** under **Insuring Agreement of Section I – Coverage A – Bodily Injury and Property Damage Liability,** are deleted. The following is added to 2. Exclusions under **Section I – Coverage A – Bodily Injury and Property Damage Liability:**

1.    any loss or claim for damages arising out of or related to "bodily injury" or "property damage", whether known or unknown:

    a.    which first occurred prior to the inception date of this policy; or

b.   which is, or is alleged to be, in the process of occurring as of the inception date of this policy.

2.   any loss or claim for damages arising out of ore related to "bodily injury" or "property damage", whether known or unknown, which is in the process of settlement, adjustment or "suit" as of the inception date of this policy.

We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.

\* \* \*

## LIMITATION – DUTY TO DEFEND

Where there is no coverage under this policy, there is no duty to defend any insured.

\* \* \*

## EXCLUSION – MOLD, BACTERIA, VIRUS AND ORGANIC PATHOGEN LIABILITY

The following supercedes the terms and conditions of this policy. This insurance does not apply.

1.   to any alleged "bodily injury", "property damage", "personal injury" or "advertising injury";

2.   to any alleged damages for devaluation of property or for the taking, use or acquisition or interference with the rights of others in property or in air space;

3.   to any loss, cost or expense, including but not limited to fines, penalties and attorney fees, arising out of any governmental direction or request, or any private party or citizen action, that an insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize "organic pathogens" or;

4.   to any litigation or administration procedure in which an insured may be involved as a party;

arising directly, indirectly, or in concurrence or in any sequence out of actual, alleged or threatened existence, exposure to, discharge, dispersal, release or escape of "organic pathogens", whether or not such actual, alleged or threatened existence, discharge, dispersal, release or escape is sudden, accidental or gradual in nature.

In addition, this insurance does not apply to any alleged "bodily injury", "property damage", "personal injury" or "advertising injury", loss, cost or expense including but not limited to fines, penalties and attorney fees, arising out of or related to any form of "organic pathogens", whether or not such actual, alleged or threatened existence, exposure to, discharge, dispersal, release or escape is negligently or in intentionally caused by any person or entity and whether or not the liability of any insured is alleged to be direct or vicarious. This exclusion also applies whether or not such injury, damage, devaluation, cost or expense is expected or intended from the standpoint of any insured.

"Organic pathogen" means any organic irritant or contaminant, including but not limited to mold, fungus, bacteria or virus, including but not limited to their byproducts such as mycotoxin, mildew, or biogenic aerosol.

"Waste" means any property intended to be disposed, recycled, reused or reclaimed by the owner or user thereof.[2]

All other terms and conditions remain unchanged.

* * *

27.    Atlantic Casualty insurance contract number L036001737 (11/24/05-06) also

contains the following provisions:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART -- DECLARATIONS**

* * *

**Classification**

Carpentry – construction of residential property
not exceeding three stories in height.

Contractors – subcontracted work – in connection with
building construction, reconstruction, repair or erection
–    one or two family dwellings.

* * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**CLASSIFICATION LIMITATION**

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to and no duty to defend is provided for "bodily injury", "property damage", "personal and advertising injury" or medical payments for operations which are not classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements.

* * *

28.    Atlantic Casualty insurance contracts numbered L036000522 (11/24/03-04) and

L036001737 (11/25/05-06) also contain the following provisions:

---

[2]    This paragraph was removed from the endorsement in the 2005-2006 policy only.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**SUBCONTRACTORS – DEFINITION OF ADEQUATELY INSURED**

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The classifications used in this policy containing the words "Contractors – Subcontracted Work" apply to that portion of the operations performed for the insured by "adequately insured" subcontractors.

This insurance does not apply to any claim arising from subcontracted work unless:

1.  The subcontractor maintains insurance in force for his operations with at least the following Limits of Liability:

    A.  General Aggregate Limit
        (Other than Products –Completed Operations)        $1,000,000
        Products-Completed Operations Aggregate Limit       $1,000,000
        Each Occurrence Limit                               $1,000,000

    B.  Or the limits provided by this policy, whichever are less; and

2.  You maintain a current certificate of insurance for the subcontractor; and

3.  A hold harmless agreement  in favor of you has been executed with the subcontractor; and/or

4.  You are endorsed to the subcontractors Commercial General Liability policy as an additional insured.

If all of the above conditions are met, the subcontractor will be considered "adequately insured" and exclusion AGL-005 Exclusion-Independent Contractors/Subcontractors shown on the Exclusions/Limitations-Combination Endorsement attached to this policy is deleted in its entirely.

All other terms and conditions remain unchanged.

## FIRST CAUSE OF ACTION

29.    Atlantic Casualty repeats and realleges each of the foregoing paragraphs "1" through "28" as if fully set forth herein.

30.    Atlantic Casualty is entitled to a declaration that there is no coverage obligation under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify

anyone for the Aftousmis Action. While expressly preserving all of the provisions in the Atlantic Casualty insurance contracts, Atlantic Casualty is entitled to such relief for each of the following reasons:

a.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the Aftousmis Action on the grounds an extent that all of the terms, conditions, provisions, and exclusions of the Atlantic Casualty insurance contracts (which are fully incorporated herein) apply to bar or limit coverage including, but not limited to, those set forth in paragraphs 25 through 28 above.

b.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the Aftousmis Action on the grounds that Forthright and everyone breached the conditions precedent to insurance coverage, including the obligation to provide timely written notice to Atlantic Casualty of any alleged occurrence, claim and suit, to immediately provide Atlantic Casualty with copies of any demands, notices, summonses or legal papers, to cooperate, to admit no liability, to make no voluntary payments, and to incur no pre-tender sums. Here, the defendants learned of the alleged damage and claim in late 2004, but failed to provide notice to Atlantic Casualty for years. This delay bars coverage as a matter of law.

c.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the Aftousmis Action on the grounds and to the extent that the Aftousmis Action does not assert a claim for "'bodily injury' or 'property damage' ... caused by an 'occurrence'" within the meaning of the Atlantic Casualty insurance contracts. There is no coverage for injury or damage that is not caused by an "occurrence".

      d.     There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contracts are not triggered by this claim and to the extent that there is no covered "property damage" during the Atlantic Casualty insurance contracts' policy periods. The Atlantic Casualty insurance contracts' policy periods are November 24, 2003 to November 24, 2004; November 24, 2004 to November 24, 2005; and November 24, 2005 to November 24, 2006.

      e.     There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that Wonder Works is not an insured or additional insured under the Atlantic Casualty insurance contracts and/or on the grounds and to the extent that any limitation in any additional insured coverage applies.

      f.     There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the <u>Aftousmis</u> Action does not allege "property damage" arising out of work that was within the business description as classified or shown on the Atlantic Casualty insurance contracts and/or on the grounds that the <u>Aftousmis</u> Action does not assert operations within the scope of the Classification Limitation endorsement in the Atlantic Casualty insurance contracts.

      g.     There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contracts exclude coverage for claims, loss, expense or costs arising out of the actions of independent contractors/subcontractors for or on behalf of any insured. Here, Wonder Works was the construction manager for the project and

hired Forthright as the general contractor. Forthright hired the excavation and other subcontractors to work at the project. Thus, there is no coverage since Wonder Works hired Forthright to do the work at the project.

h.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the Aftousmis Action on the grounds and to the extent that the Exclusion – Claims In Process applies.  The exclusion bars coverage under the Atlantic Casualty insurance contracts since the defendants knew of the alleged damage before at least two of the Atlantic Casualty insurance contracts incepted.

i.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the Aftousmis Action on the grounds and to the extent that there was any misrepresentation, misstatement, omission, and/or failure to disclose during the procurement of the Atlantic Casualty insurance contracts.

j.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the Aftousmis Action on the grounds and to the extent that the Atlantic Casualty insurance contracts (that are fully incorporated herein) exclude coverage for property damage to the insured's product and/or work.

k.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the Aftousmis Action on the grounds and to the extent that the Atlantic Casualty insurance contracts (that are fully incorporated herein) exclude coverage for property damage to real property on which an insured or any contractors or subcontractors working directly or indirectly on its behalf are performing operations.

l.      There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contracts (that are fully incorporated herein) exclude coverage for property damage to property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

m.      There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contracts (that are fully incorporated herein) exclude coverage for property damage to impaired property or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in the insured's product or the insured's work, or a delay or failure by the insured or anyone acting on behalf of the insured to perform a contract or agreement in accordance with its terms.

n.      There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the Atlantic Casualty insurance contracts (that are fully incorporated herein) exclude coverage for damages claimed for any loss, cost or expense incurred by the insured or others for the loss of use, withdrawal, repair, replacement, adjustment, removal or disposal of the insured's product, work, or impaired property, if such product, work or property has withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

o.      There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to

the extent that the Atlantic Casualty insurance contracts exclude coverage for injury or damage relative to pollution or pollutants.

p.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the Subcontractors – Definition of Adequately Insured endorsement applies to bar or limit coverage.

q.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the Exclusion – Subsidence applies.

r.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the Exclusion – Punitive Damages applies.

s.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the <u>Aftousmis</u> Action does not seek sums that any insured is legally obligated to pay as damages within the meaning of the Atlantic Casualty insurance contracts.

t.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the alleged injury or damage was expected or intended from the standpoint of any insured.

u.    There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to

the extent that the Mold, Fungus, Bacteria, Virus And Organic Pathogen Exclusion – Liability applies.

v.     There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that the exclusion b. relative to contractual liability applies.

w.     There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that there is co-insurance, other insurance, self-insurance, deductibles, retentions, collateral sources of money, or other contractual indemnitors or to the extent the Atlantic Casualty insurance contracts provide limited or no insurance based on an allocation and/or to the extent that the Atlantic Casualty insurance contracts constitute excess insurance.

x.     There is no coverage under the Atlantic Casualty insurance contracts, including no duty to defend and/or indemnify, for the <u>Aftousmis</u> Action on the grounds and to the extent that any award or settlement exceeds the applicable limits of the Atlantic Casualty insurance contracts.  Here, the <u>Aftousmis</u> Action seeks $10,000,000.00 in damages, which is in excess of any applicable Atlantic Casualty insurance contract limit(s).

31.     Atlantic Casualty's grounds for asserting that there is no coverage under the Atlantic Casualty insurance contracts are based upon the facts which are available to Atlantic Casualty at this time.  Atlantic Casualty reserves the right to raise any additional grounds in the future should Atlantic Casualty determine such grounds to exist.

32.     Based upon the foregoing, Atlantic Casualty is entitled to a judicial declaration that it has no coverage obligation, including no duty to provide a defense or indemnity, under the Atlantic Casualty insurance contracts with respect to the Aftousmis Action.

## THE SECOND CAUSE OF ACTION

33.     Atlantic Casualty repeats and realleges each of the foregoing paragraphs "1" through "32" as if fully set forth herein.

34.     Atlantic Casualty has been and is currently providing a courtesy interim defense to Forthright in connection with the Aftousmis Action.

35.     Forthright has been unjustly enriched by Atlantic Casualty providing a defense for the Aftousmis Action.

36.     Atlantic Casualty has incurred and will continue to incur amounts in connection with its defense of Forthright in the Aftousmis Action, including, without limitation, attorneys' fees, expenses, costs and disbursements, plus interest.

37.     Atlantic Casualty is entitled to reimbursement from Forthright for all past and future amounts that have been or will be incurred by Atlantic Casualty in defending Forthright in the Aftousmis Action, plus interest, since Atlantic Casualty has no obligation under the Atlantic Casualty insurance contracts to defend or indemnify Forthright or anyone with respect to the Aftousmis Action.

38.     To the extent any indemnity payment is made by Atlantic Casualty, Forthright has been unjustly enriched. Thus, Atlantic Casualty is also entitled to reimbursement from Forthright for any indemnification that may be paid by Atlantic Casualty in connection with the Aftousmis

Action, plus interest, since Atlantic Casualty has no obligation under the Atlantic Casualty insurance contracts to defend or indemnify Forthright and/or anyone with respect to the Aftousmis Action.

39.     For the foregoing reasons, Atlantic Casualty is entitled to a money judgment that awards and reimburses Atlantic Casualty for any and all past and future sums, attorneys' costs, fees, expenses, awards and disbursements and any indemnity payments, plus interest, which have been or will be paid by Atlantic Casualty in connection with the Aftousmis Action.

**WHEREFORE,** Plaintiff Atlantic Casualty prays for judgment:

1.     With respect to the First Cause of Action, declaring that Atlantic Casualty owes no coverage obligation to, including no duty to defend or indemnify, for the Aftousmis Action.

2.     With respect to the Second Cause of Action, awarding Atlantic Casualty a money judgment for all sums, costs, fees, expenses, disbursements and any indemnity payments, plus interest, incurred in connection with the Aftousmis Action.

3.     Awarding Atlantic Casualty its attorneys' fees, costs and disbursements incurred in this action; and

4.     Awarding Atlantic Casualty such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury of all issues so triable.

Dated: New York, New York
       May 22, 2007

Respectfully submitted,

**NIXON PEABODY LLP**

By: _Cyril E. Smith_
        Aidan M. McCormack (AM 3017)
        Cyril E. Smith (CS8359)
        *Attorneys for Plaintiff*
        *Atlantic Casualty Insurance Company*
        437 Madison Avenue
        New York, New York 10022
        (212) 940-3000

10554783.2