07-ES-220 MLS
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE COMPANY,

                                            Case No. 07 CV 4098

                Plaintiff,

    -against-                            **VERIFIED ANSWER**

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,
VASILIS AFTOUSMIS AND CONSTANTIA
AFTOUSMIS,

                Defendants.
-------------------------------------------------------------------X

       The defendant, WONDER WORKS CONSTRUCTION CORP., by its attorneys, McCABE, COLLINS, McGEOUGH & FOWLER, LLP., answering the Complaint herein, states upon information and belief:

       1.    Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "4", "11", "15", "17", "18", "23", "25", "26", "27", and "28" of the plaintiff's Complaint.

       2.    Defendant denies the allegations set forth in paragraphs marked "5", "6", "9", "10", "12", "13" and "24" and each and every part thereof.

## AS TO THE FIRST CAUSE OF ACTION

       3.    Defendant repeats and reiterates each and every denial in answer to paragraphs "1"

through "28" in the Complaint, as if more particularly hereinafter set forth in answer to paragraph numbered "29", and each and every part thereof.

4.  Defendant denies the allegations set forth in paragraphs marked "30 and "32", and each and every part thereof.

## AS TO THE SECOND CAUSE OF ACTION

5.  Defendant repeats and reiterates each and every denial in answer to paragraphs "1" through "32" in the Complaint, as if more particularly hereinafter set forth in answer to paragraph numbered "33", and each and every part thereof.

6.  Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "34" of the plaintiff's Complaint.

7.  Defendant denies the allegations set forth in paragraph marked "31" of the plaintiff's Complaint and each and every part thereof.

8.  Defendant denies the allegations set forth in paragraphs marked "35", "36", "37", "38" and "39" of the plaintiff's Complaint and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.  Upon information and belief, plaintiff failed to comply with the terms and conditions of the subject policies of insurance.

10.  The Court lacks subject matter jurisdiction as neither diversity exists nor does the amount in controversy exceed $75,0000.

WHEREFORE, defendant, WONDER WORKS CONSTRUCTION CORP., demands judgment dismissing the Complaint herein, together with the costs, disbursements and expenses of this action, together with attorney fees, costs and disbursements of the action.

Dated: Carle Place, New York

July 3, 2007

                              Yours, etc.
                              McCABE, COLLINS, McGEOUGH & FOWLER, LLP.

BY:    _____
         MICHAEL L. SMAR
         Attorneys for Defendant, WONDER WORKS
         346 Westbury Avenue - P.O. Box 9000
         Carle Place, New York  11514
         (516) 741-6266
         File No.: 07-ES-220 MLS

TO:    NIXON PEABODY, LLP.
        Attorneys for Plaintiffs
        437 Madison Avenue
        New York, New York 10022
        (212) 940-3000

        FORTHRIGHT CONSTRUCTION, INC.
        2240 McDonald Avenue
        Brooklyn, New York 11223

**ATTORNEY VERIFICATION**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )

The undersigned, **MICHAEL L. SMAR**, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant has been designated as the attorney of record by the defendant, WONDER WORKS CONSTRUCTION CORP., in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Carle Place, New York
       July 3, 2007

_____
**MICHAEL L. SMAR**

07-ES-220 MLS
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE COMPANY,

                                                  Case No. 07 CV 4098

              Plaintiff,

     -against-

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,
VASILIS AFTOUSMIS AND CONSTANTIA
AFTOUSMIS,

              Defendants.
-----------------------------------------------------------------X

## COMBINED DEMAND OF DEFENDANT

SERVED BY:       McCABE, COLLINS, McGEOUGH & FOWLER, LLP. 
                        Attorneys for Defendant, WONDER WORKS CONSTRUCTION CORP.
                        346 Westbury Avenue
                        P.O. Box 9000
                        Carle Place, New York 11514
                        (516) 741-6266

     PLEASE TAKE NOTICE that pursuant to the CPLR and the appropriate Rules of Court, and case law interpreting discovery and inspection, the undersigned hereby serves upon you the following demands returnable at the offices of McCABE, COLLINS, McGEOUGH & FOWLER, LLP, 346 Westbury Avenue, P. O. Box 9000, Carle Place, New York 11514.

     PLEASE TAKE FURTHER NOTICE that production of documents and other items may be accomplished by forwarding true copies of same to the offices of the undersigned on or before the aforesaid date, in which case a personal appearance on that date will not be necessary. If

these demands will be complied with by way of a personal appearance, we ask that you confirm your appearance at least twenty-four (24) hours prior thereto.

 PLEASE TAKE FURTHER NOTICE that your failure to comply herewith will result in an application by the undersigned to the Court for the appropriate relief and sanctions now or at the time of trial herein.

I. PLEASE TAKE NOTICE that demand is hereby made upon you to furnish the undersigned with a complete copy of the Claims file and Underwriting file maintained by Plaintiff relative to the allegations set forth in the Complaint.

II. <u>DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED</u>

 PLEASE TAKE FURTHER NOTICE that the undersigned hereby demands that you produce, pursuant to CPLR 3101(e), full, true, legible and complete copies of any and all statements made by, or taken from, any of the parties represented by the undersigned, their servants, agents and/or employees, whether written, oral or recorded (including full, true, legible and complete copies of transcripts of same) in your possession, custody or control, or presently in the possession or under the control of a party you represent, plaintiff, or an agent, servant, employee and/or principal of you and/or plaintiff.

III. <u>DEMAND FOR NAMES AND ADDRESSES OF PARTIES AND ATTORNEYS</u>

 PLEASE TAKE FURTHER NOTICE that the undersigned demands, pursuant to CPLR 3102(a), 2103(e) and 3118, that you provide a list of those attorneys who have appeared in this action together with their addresses and the name and address of the party for whom such attorneys have appeared.

IV. <u>DEMAND FOR DISCOVERY OF INSURANCE POLICIES</u>

PLEASE TAKE FURTHER NOTICE that the undersigned demands that you produce all policies of insurance between plaintiff and Forthright Construction, Inc., including excess, umbrella and/or catastrophe insurance, including those referenced within the Complaint as contracts numbered L036000522, L036001127 and L036001737.

V.      DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES:

PLEASE TAKE NOTICE that demand is hereby made upon you to furnish the undersigned with a verified statement concerning the names and addresses of any and all persons known to your client, the plaintiff(s), or to you, as attorney for your client(s), claimed to have either been an actual witness, or to have firsthand knowledge, with respect to the following;

a) The occurrence alleged in the Complaint and/or the occurrence which is the subject matter of the instant litigation;

b) Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint or caused the occurrence which is the subject matter of the instant litigation;

c) Any actual notice allegedly given to the defendant answering herein of any condition which allegedly caused the occurrence alleged in the Complaint or the occurrence which is the subject matter of the instant litigation;

d) The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint or the occurrence which is the subject matter of the instant litigation;

e) Conversations, communications or writings with respect to the circumstances or events referred to in the Complaint or in any affirmative defense asserted by any party herein;

f) Items of special or general damages asserted by plaintiff in the within action or with respect to any setoff or counterclaim by any defendant or third-party defendant.

g) names and addresses of witnesses who possess vital information which bears on the liability issues. Hughes v. Elias, 120 A.D.2d 703, 502 N.Y.S.2d 772 (2d Dept. 1986).

This demand is made upon you pursuant to the authority of Zellman v Metropolitan Transportation Authority, 40 A.D.2d 248, 339 N.Y.S.2d 255, 1973; Zayas v Morales, 45 A.D.2d 610, 350 N.Y.S.2d 1974; Hoffman v Ro-San Manor, 73 A.D.2d 207, 425 N.Y.S.2d 619.

In the event that no such names or addresses are currently known, then a verified statement to this effect shall be provided within the above stated time.

PLEASE BE FURTHER ADVISED, that this demand is a continuing one and that should such information become known in the future, then said names and/or addresses should be furnished within a reasonable time after acquiring same.

PLEASE BE FURTHER ADVISED, that any attempt to introduce testimony at the time of trial of any witnesses not disclosed will be objected to or, in the alternative, the undersigned will move this Court for an Order compelling production of said names and/or addresses.

PLEASE TAKE FURTHER NOTICE that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

PLEASE TAKE FURTHER NOTICE that the foregoing combined demand is a continuing demand. In the event any of the above items are obtained after service of this demand or service of a response hereto, they are to be furnished to the undersigned.

Dated: Carle Place, New York
       July 3, 2007

                Yours, etc.

                McCABE, COLLINS, McGEOUGH & FOWLER, LLP.

BY: _____
                MICHAEL L. SMAR
                Attorneys for Defendant, WONDER WORKS
                346 Westbury Avenue - P.O. Box 9000
                Carle Place, New York  11514

(516) 741-6266
File No.: 07-ES-220 MLS

TO:   NIXON PEABODY, LLP.
      Attorneys for Plaintiffs
      437 Madison Avenue
      New York, New York 10022
      (212) 940-3000

      FORTHRIGHT CONSTRUCTION, INC.
      2240 McDonald Avenue
      Brooklyn, New York 11223

7-ES-220 MLS
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE COMPANY,

                                                                        Case No. 07 CV 4098

                      Plaintiff,                         **NOTICE TO TAKE**
                                                                            **DEPOSITION UPON**
       -against-                                        **ORAL EXAMINATION**

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,
VASILIS AFTOUSMIS AND CONSTANTIA
AFTOUSMIS,

                      Defendants.
-------------------------------------------------------------------X

      PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination of AETNA CASUALTY INSURANCE COMPANY, as adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at 346 Westbury Avenue, Carle Place, New York on the 10th day of September, 2007, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action:

      All of the relevant facts and circumstances in connection with the accident which occurred on the 19th day of February, 2004, including negligence, contributory negligence, liability and damages. That the said person to be examined is required to

produce at such examination the following: Any and all records, reports, memoranda and other writings relevant to the subject matter of the instant action.

Dated: Carle Place, New York
       July 3, 2007

                      Yours, etc.

                      McCABE, COLLINS, McGEOUGH & FOWLER, LLP.

      BY:     _____
                      MICHAEL L. SMAR
                      Attorneys for Defendant, WONDER WORKS
                      346 Westbury Avenue - P.O. Box 9000
                      Carle Place, New York 11514
                      (516) 741-6266
                      File No.: 07-ES-220 MLS

TO:    NIXON PEABODY, LLP.
        Attorneys for Plaintiffs
        437 Madison Avenue
        New York, New York 10022
        (212) 940-3000

        FORTHRIGHT CONSTRUCTION, INC.
        2240 McDonald Avenue
        Brooklyn, New York 11223

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                                    ) ss.:
COUNTY OF NASSAU  )

    LINDA CASSESE, being duly sworn, deposes and says:

    That your deponent is not a party to this action, over 18 years of age and resides at Bethpage, New York.

    That on the            day of July, 2007, deponent served the within **VERIFIED ANSWER, COMBINED DEMANDS and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION** upon:

    NIXON PEABODY, LLP.
    437 Madison Avenue
    New York, New York 10022

    FORTHRIGHT CONSTRUCTION, INC.
    2240 McDonald Avenue
    Brooklyn, New York 11223

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                              LINDA CASSESE

Sworn to before me this
    day of July, 2007


Notary Public