**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VASILIS AFTOUSMIS and CONSTANTIA
AFTOUSMIS,

                          Plaintiff,

- against -

WONDER WORKS CONSTRUCTION CORP., and
FORTHRIGHT CONSTRUCTION, INC.,

                        Defendants.

Index # 102479/07
Date Filed: FEB 2 2 2007
Plaintiff designates New York
County as the place of trial.
The basis of the venue is
Defendant Wonder Works
Construction Corp.'s place of
business

**SUMMONS**

Defendants' business are located
at Wonder Works Construction
Corp:
18 West 21th Street, 4th Flr.
New York, New York
Forthright Construction Inc..
2240 McDonald Avenue
Brooklyn, New York

To the above named Defendants:

     **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 2, 2007

                               _Steve Newman_

                            Law Offices of Steve Newman
                            Attorneys for Plaintiffs
                            Office and Post Office Address
                            65 Broadway, Suite 825
                            New York, NY 10006
                            (212) 405-1000

NEW YORK
COUNTY CLERK'S OFFICE

FEB 2 2 2007

NOT COMPARED
WITH COPY FILED

Defendants' addresses
for service of process.

Wonder Works Construction Corporation
18 West 21th Street
4th Floor
New York, New York 10010

Forthright Construction, Inc.
2240 McDonald Avenue
Brooklyn, New York 11223

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VASILIS AFTOUSMIS and CONSTANTIA
AFTOUSMIS,

                              Plaintiffs,

        - against -

WONDER WORKS CONSTRUCTION CORP.,
and FORTHRIGHT CONSTRUCTION, INC.,

                              Defendants.

Index #

**COMPLAINT**

Plaintiffs for their complaint against defendants by their attorney LAW OFFICES OF STEVE NEWMAN alleges as follows:

## PARTIES

1.    At all times relevant plaintiff VASILIS AFTOUSMIS ("Vasilis") is a natural person over the age of 18 and a resident of the County of Kings, City and State of New York.

2.    At all times relevant plaintiff CONSTANTIA AFTOUSMIS ("Constantia") is a natural person over the age of 18 and a resident of the County of Kings, City and State of New York.

3.    At all times relevant defendant WONDER WORKS CONSTRUCTION CORP., ("Wonder Works") was and is a domestic corporation duly authorized to engage in business in the State of New York.

4.    At all times relevant upon information and belief defendant FORTHRIGHT CONSTRUCTION, INC., ("Forthright") was and still is a domestic corporation duly authorized to engage in business in the State of New York.

## AND FOR A FIRST CAUSE OF ACTION
(Negligence – Wonder Works)

5.    At all relevant times  Vasilis and Constantia owned certain lands and premises located in the City of New York, County of Kings, and State of New York and more particularly  bonded and described as follows: 97 Quentin Road, Brooklyn, New York. (Block 6622; Lot 47).

6.    At all times mentioned Vasilis and Constantia was and  are still the owners of a building located at 97 Quentin Road, Brooklyn, New York.

7.    For the purpose of erecting a building adjoining and up to the Vasilis' and Constantia's  property  Wonder Works as construction manager supervised the excavation of land abutting and underlying the above described property.

8.    On information and belief the excavation was intended to be and was carried to a depth of more than ten feet below the street line of 97 Quentin Road, Brooklyn, New York upon which the property fronts.

9.    Wonder Works negligently oversaw the excavation work and operations adjacent to, abutting and underlying Vasilis's and Constantia's premises, said excavation work intended to be and was carried to the depth of more than 10 feet below the curb.

10.    Wonder Works by its negligence wrongfully neglected to request permission to excavate soil beneath Vasalis' and Constantia's buildings and failed to provide notice to Vasilis and Constantia that soil would be excavated adjacent to and underneath Vasilis' and Constantia's building .

11.    Wonder Works by its negligence in overseeing the excavation wrongfully neglected to  preserve the walls of Vasilis' and Constantia's premises or to support the premises

5

and building by proper foundations so that the premises and building would remain as safe as before the excavations were commenced.

12.     Wonder Works by its negligence in overseeing the excavation caused the walls and cement floor of Vasilis' and Constantia's building to crack causing severe damage to the building.

13.     Wonder Works had a duty to properly oversee the excavation of soil adjacent to and underlying Vasilis' and Constantia's building.

14.     Wonder Works breached its duty to properly oversee the excavation.

15.     Wonder Work's negligence caused damages to Vasilis' and Constantia's building.

16.     By reason of the foregoing Vasilis and Constantia sustained damages to the building they own in the sum of three million ($3,000,000.00) dollars.

### AS AND FOR A SECOND CAUSE OF ACTION
(Negligence – Wonder Works)

17.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "16" as if set forth at length herein.

18.     For the purpose of erecting a building adjoining and up to Vasilis' and Constantia's property Wonder Works negligently oversaw the construction of a building adjacent to Vasilis' and Constantia's building.

19.     Wonder Works' negligence in overseeing the construction of a building adjacent to Vasilis' and Constantia's building resulted in construction debris becoming lodged in the drains located on the roof of Vasilis' and Constantia's building.

20.     The drains clogged with construction debris failed to properly function causing severe water damage to Vasilis' and Constantia's property.

21.     Wonder Works had a duty to properly oversee the construction of a building adjacent to Vasilis' and Constantia's property.

22.     Wonder Works breached its duty to properly oversee the construction of a building adjacent to Vasilis' and Constantia's building.

23.     Wonder Works' negligence caused damages to Vasilis' and Constantia's building.

24.     By reason of the foregoing Vasilis and Constantia sustained damages in the sum of five hundred thousand ($500,000.00) dollars.

### AS AND FOR A THIRD CAUSE OF ACTION
(Negligence - Forthright)

25.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "24" as if set forth at length herein.

25.     For the purpose of erecting a building adjoining and up to the Vasilis' and Constantia's property Forthright as general constructor supervised the excavation of the land abutting and underlying the above described property.

26.     On information and belief the excavation supervised by Forthright was intended to be and was carried to a depth of more than ten feet below the street line of 97 Quentin Road, Brooklyn, New York upon which the property fronts.

27.     Forthright negligently oversaw the excavation work adjacent to, abutting and underlying Vasilis' and Constantia's premises, said excavation work intended to be and were carried to the depth of more than 10 feet below the curb.

28.     Forthright by its negligence wrongfully neglected to request permission to excavate soil beneath Vasalis' and Constantia's buildings and failed to provide notice to

Vasilis and Constantia that soil would be excavated adjacent to and underneath Vasilis' and Constantia's building.

29.   Forthright by its negligence wrongfully neglected to preserve the walls of Vasilis' and Constantia's building or to support the premises and building by proper foundations so that the premises and building would remain as safe as before the excavations were commenced.

30.   Forthrights' negligence in overseeing the excavation caused the walls and cement floor of Vasilis' and Constantia's building and building to crack causing severe damage to the building.

31.   Forthright had a duty to properly oversee the excavation of the soil adjacent to and underneath Vasilis' and Constantia's building.

32.   Forthright breached its duty to properly oversee the excavation of the soil adjacent to and underneath Vasilis' and Constantia's building.

33.   Forthrigh's negligence caused damages to Vasilis' and Constantia's property.

34.   By reason of the foregoing Vasilis and Constantia sustained damages to the building they own in the sum of three million ($3,000,000.00) dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Negligence - Forthright)

35.   Plaintiffs repeat and reiterate each and every allegation contained in paragraphs "1" through "34" as if set forth at length herein.

36.   For the purpose of erecting a building adjoining and up to the Vasilis' and Constantia's property Forthright excavated the land abutting and underlying the above-described property.

37. On information and belief the excavation conducted by Forthright was intended to be and was carried to a depth of more than ten feet below the street line of 97 Quentin Road upon which the property fronts.

38. Forthright negligently excavated the soil adjacent to, abutting and underlying Vasilis' and Constantia's building, said excavation work intended to be and was carried to the depth of more than 10 feet below the curb.

39. Forthright by its negligence wrongfully neglected to request permission to excavate the soil beneath Vasalis' and Constantia's buildings and failed to provide notice to Vasilis and Constantia that soil would be excavated adjacent to and underneath Vasilis' and Constantia's building .

40. Forthright by its negligence wrongfully neglected to preserve the walls of Vasilis' and Constantia's building or to support the premises and building by proper foundations so that the building would remain as safe as before the excavations were commenced.

41. Forthrights' negligence in excavating caused the walls and cement floor of Vasilis' and Constantia's building to crack causing severe damage to the building.

42. Forthright had a duty to properly excavate the land adjacent to and underneath Vasilis' and Constantia's building.

43. Forthright breached its duty to properly excavate the soil adjacent to and underneath Vasilis' and Constantia's building.

44. Forthrigh's negligence caused damages to Vasilis' and Constantia's building.

45.    By reason of the foregoing Vasilis and Constantia sustained damages to the building they own in the sum of three million ($3,000,000.00) dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligence – Forthright)

46    Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1"through "45" as if set forth at length herein.

47.    For the purpose of erecting a building adjoining and up to Vasilis' and Constantia's property   Forthright negligently performed construction   work adjacent to Vasilis' and Constantia's building.

48.    Forthrigth's negligence in performing construction work resulted in construction debris becoming lodged in the drains located on the roof of Vasilis' and Constantia's building.

49.    The drains clogged with construction debris failed to properly function causing severe water damage to Vasilis' and Constantia's building.

50.    Forthright had a duty to properly oversee the construction of the building adjacent to Vasilis' and Constantia's building.

51.    Forthright breached its duty to properly oversee the construction of the building adjacent to Vasilis' and  Constantia's building.

52.    Forthright's negligence caused damages to Vasilis' and Constantia's building.

53.    By reason of the foregoing sustained damages in the sum of five hundred thousand ($500,000.00) dollars.

**WHEREFORE**, plaintiffs demand judgment against defendants as follows:

1. On the First Cause of Action in the amount of three million ($3,000,000.00) dollars with interest, costs, disbursements and attorney fees;

2. On the Second Cause of Action in the amount of five hundred thousand ($500,000.00) dollars with interest, costs, disbursements and attorney fees;

3. On the Third Cause of Action in the amount of three million ($3,000,000.00) dollars with interest, costs, disbursements and attorney fees.

4. On the Fourth Cause of Action in the amount of three million ($3,000,000.00) dollars with interest, costs, disbursements and attorney fees.

5. On the Fifth Cause of Action in the amount of five hundred thousand ($500,000.00) dollars with interest, costs, disbursements and attorney fees.

6. For such other and further relief as this Court deems just and proper.

Dated: New York, New York
      February 2, 2007

                Yours, etc.,

                _Steve N_____

                Law Offices of Steve Newman
                **Attorneys for Plaintiff**
                Office and Post Office Address
                65 Broadway, Suite 825
                New York, NY 10006
                (212) 405-1000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Plaintiff,

WONDER WORKS CONSTRUCTION CORP. and
FORTRESS CONSTRUCTION INC.,

Defendants.

## SUMMONS AND COMPLAINT



Steven Newman

PLEASE take notice that the within

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at