UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATLANTIC CASUALTY
INSURANCE COMPANY,

                Plaintiff,

                Case No. 07 CIV 4098

    v.

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,    **DECLARATION OF**
VASILIS AFTOUSMIS and CONSTANTIA    **AIDAN M. MCCORMACK**
AFTOUSMIS,

                Defendants.
------------------------------------------------------------X

        **AIDAN M. MCCORMACK**, an attorney duly admitted to practice before this Court and the Courts of New York, states the following under penalty of perjury:

        1.    I am duly admitted to practice law before the United States District Court for the Southern District of New York.

        2.    I am a member of the law firm Nixon Peabody LLP, attorneys of record for Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty"). As such, I am fully familiar with the facts of this matter as set forth herein based upon my review and handling of the file and representation of Atlantic Casualty.

        3.    I submit this Affirmation in support of Atlantic Casualty's Motion for summary judgment. Simply put, Atlantic Casualty owes no coverage since: (1) the independent contractor / subcontractor exclusion bars coverage for the Aftousmis action, (2) Forthright's and Wonder Works' gross late notice also bars coverage, (3) Forthright's material misrepresentations and failure to disclose material information on the Atlantic Casualty insurance contracts bar coverage, (4) the Subsidence exclusion applies to bar coverage (5) Forthright and Wonder Works

have other insurance available for the Aftousmis action, (6) the Claims In Process Exclusion applies to bar coverage, and (7) the alleged damage was not the result of work within the Classification Limitation Endorsement of the 11/24/2005-11/24/2006 insurance contract.

### A.   The Underlying *Aftousmis* Action

4.   On or about February, 22, 2007, the underlying plaintiffs filed an action entitled Vasilis Aftousmis and Constantia Aftousmis v. Wonder Works Construction Corp. and Forthright Construction, Inc., Index No. 102479/07, Supreme Court of the State of New York, County of New York (the "Aftousmis action"), arising out of the alleged damage to their building located at 97 Quentin Road, Brooklyn, New York. The plaintiffs allege that they owned the premises adjoining the project, and that the excavation work at the project was done at a depth of "more than ten feet below the street line of 97 Quentin Road, Brooklyn, New York." The Aftousmis action also alleges that Forthright and Wonder Works allegedly "wrongfully neglected to request permission to excavate" the soil beneath the plaintiffs' premises and failed to notify the plaintiffs of the excavation near to and underneath their premises. In addition, Forthright and Wonder Works allegedly wrongfully neglected to provide proper foundations to protect plaintiffs' walls and premises and ensure that they would be safe once excavation commenced. As a result, the complaint alleges, the excavation of the soil caused cracks to develop in the walls and cement floor of the plaintiffs' premises.

5.   Attached hereto as **Exhibit A** is a true and correct copy of the complaint in the Aftousmis action.

6.   On or about June 12, 2007, Forthright filed a third-party complaint against subcontractors MMG Design, Inc. ("MMG"), ATY Construction ("ATY"), O.M.I. Construction Co., Inc. ("OMI"), N&C Iron Works, Inc. ("N&C"), and Monaco Construction Corp.

("Monaco"). The third-party complaint alleges that each defendant "entered into a written contract with regard to the premises," and that the claims alleged in the <u>Aftousmis</u> action arose of the third-party defendants' negligence.

7. Attached hereto as **Exhibit B** is a true and correct copy of the Forthright's third-party complaint in the <u>Aftousmis</u> action

8. On September 26, 2007, Wonder Works filed a Second Third-Party Action against the same defendants in the third-party action. Wonder Works also alleges that each defendant "entered into a written contract with regard to the premises," and that the claims alleged in the <u>Aftousmis</u> action arose of the second third-party defendants' negligence.

9. Attached hereto as **Exhibit C** is a true and correct copy of the complaint in the <u>Aftousmis</u> action.

**B.    <u>The Contractual Relationships Relative To The Project</u>**

10. On November 17, 2003, Quentin Terrace, LLC hired Wonder Works to build the project. On or about February 19, 2004, Wonder Works and Forthright entered into a "Subcontract" with respect to the construction of the project. The subcontract lists Wonder Works as the "Contractor" and Forthright as the "Subcontractor."

11. Attached hereto as **Exhibit D** is a true and correct copy of the Quentin Terrace-Wonder Works contract. Attached hereto as **Exhibit E** is a true and correct copy of the Wonder Works-Forthright Subcontractor Agreement.

12. Neither Wonder Works nor Forthright did any work at the project. Rather, Wonder Works hired Forthright to act as its subcontractor. Forthright in turn hired subcontractors to do the work at the project. On or about February 19, 2004, Forthright and MMG Design, Inc.

("MMG") executed a document detailing the scope of the excavation and underpinning work at the project. On or about June 1, 2004, Forthright entered into a subcontract with ATY Construction ("ATY") with respect to the project. The contract lists Forthright as the "Contractor" and ATY as the "Subcontractor," and states that ATY is to perform "Cast In Place Concrete, Sheeting, Excavation," and underpinning work at the project. On or about March 29, 2005, Forthright entered into a subcontract N&C Iron Works ("N&C"). The subcontract lists Forthright as the "Contractor" and N&C as the "Structural Steel Subcontractor." On or about February 8, 2006, Forthright and OMI Construction Co., Inc. ("OMI") executed a "Contract-Estimate" with respect to the project. The Contract-Estimate stated that the work involved the installation of all brick veneer and stones and construction of walls at the project.

13. Attached hereto as **Exhibits F, G, H, and I** are true and correct copies of Forthright's respective subcontracts with MMG, ATY, N&C, and OMI.

14. Attached hereto as **Exhibit J** is a true and correct copy of Mark Kanevsky's March 20, 2007 statement.

15. Attached hereto as **Exhibit K** is a true and correct copy of pages 9, 26, 27, 28, 37, 38, 40, 41, 4851, 52, 57, 65, 69, 77, 93, 94, 95, 102, 103, 104, 128, and 129 of Mark Kanevsky's May 13, 2008 deposition transcript.

16. Attached hereto as **Exhibit L** is a true and correct copy of Rinat Yanborisov's, Forthright's co-owner, August 1, 2007 Affidavit in opposition to Plaintiffs' motion for summary judgment in the Aftousmis action.

17. Attached hereto as **Exhibit M** is a true and correct copy of Forthright's Response to Plaintiff's Demand for Interrogatories in the declaratory judgment action.

18. Attached hereto as **Exhibit N** is a true and correct copy of Wonder Works' discovery responses to Atlantic Casualty in the declaratory judgment action.

19. Attached hereto as **Exhibit O** is a true and correct copy of Atlantic Casualty's complaint in the declaratory judgment action.

20. Attached hereto as **Exhibit P** is a true and correct copy of the May 19, 2005 report by engineer Wiktor Wasilewski, P.E.

21. Attached hereto as **Exhibit Q** is a true and correct copy of the February 6, 2006 expert report by Ainso & Associates, Inc.

22. Attached hereto as **Exhibit R** is a true and correct copy of the March 30, 2007 report entitled "Report on Cracks and Damages" prepared by Ainso & Associates, Inc.

23. Attached hereto as **Exhibit S** is a true and correct copy of the underlying plaintiffs' July 22, 2005 and August 4, 2006 complaints to the New York City Department of Buildings.

24. Attached hereto as **Exhibit T** is a true and correct copy of the Affirmation of Rachel L. Kaylie, counsel for Forthright Construction, Inc., confirming that Forthright has searched its files and produced all responsive documents in its possession to Atlantic Casualty.

**WHEREFORE**, Atlantic Casualty Insurance Company respectfully requests that this Court grant its motion for summary judgment, declare that Atlantic Casualty owes no coverage obligation with respect to the <u>Aftousmis</u> action, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 1, 2008

_____
AIDAN M. McCORMACK

11103512.1