# McCORMACK DECLARATION

# EXHIBIT B

06/12/2007 13:38 FAX  212 267 94⎵⎵   WADE CLARK                                           ☒009/042

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------x
VASILIS AFTOUSMIS and CONSTANTIA          **Third-Party**
AFTOUSMIS,                                **Complaint**

                    Plaintiff,                Index No.: 102479/07

        -against-

WONDER WORKS CONSTRUCTION CORP., and
FORTHRIGHT CONSTRUCTION, INC.,

                  Defendants.
--------------------------------------------------------------x
FORTHRIGHT CONSTRUCTION, INC.,

              Third-party plaintiff          Third-party
                                         Index No.

        -against-

MMG DESIGN INC., ATY INC., N & C IRONWORKS,
INC., O.M.I. CONSTRUCTION CO. INC., and
MONACO CONSTRUCTION CORP.

              Third-party Defendants.
--------------------------------------------------------------x

      Third-party plaintiff FORTHRIGHT CONSTRUCTION, INC., by its attorneys, WADE CLARK MULCAHY, complaining of third-party defendants MMG DESIGN INC., ATY INC., N & C IRONWORKS, INC., O.M.I. CONSTRUCTION CO. INC., and MONACO CONSTRUCTION CORP., alleges upon information and belief as follows:

### *Parties & Jurisdiction*

    1.    At all times hereinafter mentioned, third-party defendant MMG DESIGN INC. ("MMG Design") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

06/12/2007 13:38 FAX 212 267 94⎵⎵    WADE CLARK                                    ⌀010/042

2.  At all times hereinafter mentioned, MMG Design was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

3.  At all times hereinafter mentioned, MMG Design was and still is authorized to do business within the State of New York.

4.  At all times hereinafter mentioned, third-party defendant ATY INC ("ATY Inc") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

5.  At all times hereinafter mentioned, ATY Inc was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

6.  At all times hereinafter mentioned, ATY Inc was and still is authorized to do business within the State of New York.

7.  At all times hereinafter mentioned, third-party defendant N & C IRONWORKS, INC. ("N&C Ironworks") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

8.  At all times hereinafter mentioned, N&C Ironworks was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

9.  At all times hereinafter mentioned, N&C Ironworks was and still is authorized to do business within the State of New York.

10. At all times hereinafter mentioned, third-party defendant O.M.I. CONSTRUCTION CO. INC. ("O.M.I.") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

11. At all times hereinafter mentioned, O.M.I. was and still is a foreign business duly authorized and existing under the laws of a sister state.

12. At all times hereinafter mentioned, O.M.I. was and still is authorized to do business within the State of New York.

13. At all times hereinafter mentioned, third-party defendant MONACO CONSTRUCTION CORP ("Monaco") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

14. At all times hereinafter mentioned, Monaco was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

15. At all times hereinafter mentioned, Monaco was and still is authorized to do business within the State of New York

### *Factual Allegations*

16. On or about February 2, 2007, Vasilis Aftousmis and Constantia Aftousmis ("plaintiffs") commenced an action in Supreme Court, New York County, index number 102479/2007 by service of a summons and complaint. A copy of said summons and complaint is annexed as **Exhibit "A"**. Copies of the defendants' answers are annexed as **Exhibit "B"**.

17. Plaintiffs allege that they owned premises located at 97 Quentin Road, Brooklyn, New York.

18. Plaintiffs further allege, *inter alia*, that defendants negligently performed construction work at the premises, thereby causing damage to the building at 97 Quentin Road, Brooklyn, New York.

### *As and for the First Cause of Action*

19. Third-party plaintiff Forthright Construction, Inc. repeats and reiterates each and every allegation contained in paragraphs 1 through 18 as if more fully set forth herein and at length.

20. If the plaintiffs sustained any of the alleged damages by reason of any negligence other than their own, and if defendant/third-party plaintiff Forthright Construction, Inc. is held liable for any portion of those damages, which it denies, those damages were caused in whole or in part by the negligent acts and/or omissions of the third-party defendants, and not by any negligence on the part of the defendant/third party plaintiff.

21. In the event that the plaintiffs should recover against this defendant/third-party plaintiff for any of the damages alleged in the complaint, the third-party defendants shall be liable to indemnify the third party plaintiff on the basis of apportionment of responsibility under the rule of *Dole v. Dow, 30 NY 2nd 143*, for all or part of any judgment in such proportion as the court or jury may direct.

### *As and for the Second Cause of Action*

22. Third-party defendant Forthright Construction, Inc. repeats and reiterates each and every allegation designated in paragraphs 1 through 21 as if more fully set forth herein and at length.

23. If the plaintiffs sustained any of the damages alleged in the complaint by reason of any negligence other than their own, and if this defendant/third-party plaintiff is held liable for any portions of those damages, which it denies, those damages were caused by the negligent acts and/or omissions of the third-party defendants, with the negligence, if any, on the part of the defendant third-party plaintiff being passive or derivative only.

06/12/2007 13:39 FAX  212 267 9410    WADE CLARK                        ☒014/042

24. In the event the plaintiffs recover against this defendant/third-party plaintiff for any of the alleged damages, the third party defendants will be liable to indemnify the defendant/third-party plaintiff for all such judgment.

### *As and for the Third Cause of Action*

25. Third-party plaintiff Forthright Construction, Inc. repeats and reiterates each and every allegation contained in paragraphs 1 through 24 as if more fully set forth herein and at length.

26. Each of the third-party defendants entered into a written contract with regard to the premises in question. These written contracts were in full force and effect on the date of the plaintiffs' incident. Under the terms of these written contracts, the third party defendants each agreed to purchase a liability policy for the benefit of and providing coverage to this defendant/third-party plaintiff, covering claims such as those asserted by the plaintiffs in this action.

27. Upon information and belief, the third-party defendants failed to obtain such liability insurance coverage as required by the terms of their written contracts with the defendant/third-party plaintiff. This failure by the third-party defendants is a breach of their written contracts. By reason of the foregoing, this defendant/third-party plaintiff has been damaged and is entitled to indemnification for any verdict or judgment that the plaintiffs may obtain against this defendant/third-party plaintiff, including, but not limited to, attorneys fees, costs, and disbursements.

### *As and for the Fourth Cause of Action*

28. Third-party plaintiff Forthright Construction, Inc. repeats and reiterates each

### *As and for the Fourth Cause of Action*

28. Third-party plaintiff Forthright Construction, Inc. repeats and reiterates each and every allegation contained in paragraphs 1 through 27 as if more fully set forth herein and at length.

29. Each of the third-party defendants entered into a written contract with regard to the premises in question. These written contracts were in full force and effect on the date of the plaintiff's incident.

30. Pursuant to these written contracts, each of the third-party defendants agreed to defend, indemnify and hold harmless defendant/third-party plaintiff for any liability or damages arising out of the work undertaken by the third-party defendants. Therefore, the third-party defendants are obligated to indemnify and hold harmless defendant/third-party plaintiff and to reimburse defendant/third-party plaintiff for all defense and expenses incurred and arising from this action.

Dated: New York, New York
June 12, 2007

WADE CLARK MULCAHY

John Mulcahy, Esq.
Attorneys for Third-Party Plaintiff
FORTHRIGHT CONSTRUCTION INC.,
111 Broadway – 9th Floor
New York, New York 10006
(212) 267-1900
Our File No.: 160.5118.3

To:   (See attached affidavit):

and every allegation contained in paragraphs 1 through 27 as if more fully set forth herein and at length.

29. Each of the third-party defendants entered into a written contract with regard to the premises in question. These written contracts were in full force and effect on the date of the plaintiff's incident.

30. Pursuant to these written contracts, each of the third-party defendants agreed to defend, indemnify and hold harmless defendant/third-party plaintiff for any liability or damages arising out of the work undertaken by the third-party defendants. Therefore, the third-party defendants are obligated to indemnify and hold harmless defendant/third-party plaintiff and to reimburse defendant/third-party plaintiff for all defense and expenses incurred and arising from this action.

Dated: New York, New York
       June 12, 2007

WADE CLARK MULCAHY

_____
John Mulcahy, Esq.
Attorneys for Third-Party Plaintiff
FORTHRIGHT CONSTRUCTION INC.,
111 Broadway – 9th Floor
New York, New York 10006
(212) 267-1900
Our File No.: 160.5118.3

To:   (See attached affidavit):