# McCORMACK DECLARATION

# EXHIBIT C

07-ES-220 MLS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
VASILIS AFTOUSMIS and CONSTANTIA AFTOUSMIS,          Index No.: 102479/07

                                  Plaintiffs,          **SECOND THIRD-PARTY COMPLAINT**

    -against-

WONDER WORKS CONSTRUCTION CORP., and
FORTHRIGHT CONSTRUCTION, INC.,

                                  Defendants.
-----------------------------------------------------------------X
FORTHRIGHT CONSTRUCTION, INC.,          Index No.:

                                Third-Party Plaintiff,

    -against-

MMG DESIGN, INC., ATY INC., N & C IRONWORKS,
INC., O.M.I. CONSTRUCTION CO., INC., and
MONACO CONSTRUCTION CORP.,

                                Third-Party Defendants.
-----------------------------------------------------------------X
WONDER WORKS CONSTRUCTION CORP.,

                                Second Third-Party Plaintiff,

    -against-

MMG DESIGN, INC., ATY INC., N & C IRONWORKS,
INC., O.M.I. CONSTRUCTION CO., INC., and
MONACO CONSTRUCTION CORP.,

                                Second Third-Party Defendants.
-----------------------------------------------------------------X

       Defendant/second third-party plaintiff, WONDER WORKS CONSTRUCTION CORP.,

by its attorneys, McCABE, COLLINS, McGEOUGH & FOWLER, LLP, complaining of second

third-party defendants, MMG DESIGN, INC., ATY INC., N & C IRONWORKS, INC., O.M.I. CONSTRUCTION CO. INC., and MONACO CONSTRUCTION CORP., alleges, upon information and belief, the following.:

### Parties and Jurisdiction

1. That at all times hereinafter mentioned, MMG DESIGN INC. ("MMG Design") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

2. That at all times hereinafter mentioned, MMG Design was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

3. That at all times hereinafter mentioned, MMG Design was and still is authorized to do business within the State of New York.

4. That at all times hereinafter mentioned, ATY INC. ("ATY Inc.") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

5. That at all times hereinafter mentioned, ATY Inc. was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

6. That at all times hereinafter mentioned, ATY Inc. was and still is authorized to do business within the State of New York.

7. That at all times hereinafter mentioned, N & C IRONWORKS, INC. ("N & C Ironworks") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, N & C Ironworks was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

9. That at all times hereinafter mentioned, N & C Ironwords was and still is authorized to do business within the State of New York.

10. That at all times hereinafter mentioned, O.M.I. CONSTRUCTION CO., INC. ("O.M.I.") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

11. That at all times hereinafter mentioned, O.M.I. was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

12. That at all times hereinafter mentioned, O.M.I. was and still is authorized to do business within the State of New York.

13. That at all times hereinafter mentioned, MONACO CONSTRUCTION CORP. ("Monaco") was and still is a domestic business entity duly authorized and existing under by virtue of the laws of the State of New York.

14. That at all times hereinafter mentioned, Monaco was and still is a foreign business entity duly authorized and existing under the laws of a sister state.

15. That at all times hereinafter mentioned, Monaco was and still is authorized to do business within the State of New York.

**Factual Allegations**

16. On or about February 2, 2007, Vasilis Aftousmis and Constantia Aftousmis ("plaintiffs") commenced an action in Supreme Court, New York County, index number

102479/2007 by service of a summons and complaint. A copy of said summons and complaint is annexed as Exhibit "A". Copies of the defendants' answers are annexed as Exhibit "B".

17. Plaintiffs allege that they owned premises located at 97 Quentin Road, Brooklyn, New York.

18. Plaintiffs further allege, *inter alia*, that defendants negligently performed construction work at the premises, thereby causing damage to the building at 97 Quentin Road, Brooklyn, New York.

### As and for the First Cause of Action

19. Second third-party plaintiff Wonder Works Construction Corp. repeats and reiterates each and every allegation contained in paragraphs 1 through 18 as if more fully set forth herein and at length.

20. If the plaintiffs sustained any of the alleged damages by reason of any negligence other than their own, and if defendant/second third-party plaintiff Wonder Works Construction Corp. is held liable for any portion of those damages, which it denies, those damages were caused in whole or in part by the negligent acts and/or omissions of the third-party defendants, and not by any negligence on the part of the defendant/second third-party plaintiff.

21. In the event that the plaintiffs should recover against this defendant/second third-party plaintiff for any of the damages alleged in the complaint, the third-party defendants shall be liable to indemnify the second third-party plaintiff on the basis of apportionment of responsibility under the rule of *Dole v. Dow, 30 NY 2nd 143*, for all or part of any judgment in such proportion as the court or jury may direct.

### As and for the Second Cause of Action

22. Second third-party plaintiff Wonder Works Construction Corp. repeats and reiterates each and every allegation designated in paragraphs 1 through 21 as if more fully set forth herein and at length.

23. If the plaintiffs sustained any of the damages alleged in the complaint by reason of any negligence other than their own, and if this defendant/second third-party plaintiff is held liable for any portions of those damages, which it denies, those damages were caused by the negligent acts and/or omissions of the third-party defendants, with the negligence, if any, on the part of the defendant/second third-party plaintiff being passive or derivative only.

24. In the event the plaintiffs recover against this defendant/second third-party plaintiff for any of the alleged damages, the third-party defendants will be liable to indemnify the defendant/second third-party plaintiff for all such judgment.

### As and for the Third Cause of Action

25. Second third-party plaintiff Wonder Works Construction Corp. repeats and reiterates each and every allegation designated in paragraphs 1 through 24 as if more fully set forth herein and at length.

26. Each of the third-party defendants entered into a written contract with regard to the premises in question. These written contracts were in full force and effect on the date of the plaintiffs' incident. Under the terms of these written contracts, the third-party defendants each agreed to purchase a liability policy for the benefit of and providing coverage to this

defendant/second third-party plaintiff, covering claims such as those asserted by the plaintiffs in this action.

27. Upon information and belief, the third-party defendants failed to obtain such liability insurance coverage as required by the terms of their written contracts with the defendant/second third-party plaintiff. This failure by the third-party defendants is a breach of their written contracts. By reason of the foregoing, this defendant/second third-party plaintiff has been damaged and is entitled to indemnification for any verdict or judgment that the plaintiffs may obtain against this defendant/second third-party plaintiff, including, but not limited to, attorneys' fees, costs and disbursements.

### As and for the Fourth Cause of Action

28. Second third-party plaintiff Wonder Works Construction Corp. repeats and reiterates each and every allegation designated in paragraphs 1 through 28 as if more fully set forth herein and at length.

29. Each of the third-party defendants entered into a written contract with regard to the premises in question. These written contract were in full force and effect on the date of the plaintiffs' incident.

30. Pursuant to these written contracts, each of the third-party defendants agreed to defend, indemnify and hold harmless defendant/second third-party plaintiff for any liability or damages arising out of the work undertaken by the third-party defendants. Therefore, the third-party defendants are obligated to indemnify and hold harmless defendant/second third-party

plaintiff and to reimburse defendant/second third-party plaintiff for all defense and expenses incurred and arising from this action.

Dated: Carle Place, New York
       September 26, 2007

                            Yours, etc.,

                            McCABE, COLLINS, McGEOUGH & FOWLER, LLP

                            By: _____
                                  Michael L. Smar
                            Attorneys for Defendant/Second Third-Party Plaintiff
                            P.O. Box 9000
                            346 Westbury Avenue
                            Carle Place, New York 11514
                            (516) 741-6266
                            Our file: 07-ES-220 MLS

TO:

LAW OFFICES OF STEVE NEWMAN
Attorneys for Plaintiffs
65 Broadway, Suite 825
New York, New York 10006
(212) 405-1000

WADE CLARK MULCAHY
Attorneys for Defendant/Third-Party Plaintiff
FORTHRIGHT CONSTRUCTION, INC.
111 Broadway, 9th Floor
New York, New York 10006
(212) 267-1900
File No.: 160.5118.3

RIVKIN RADLER, LLP
Attorneys for Third-Party Defendant,
MONACO CONSTRUCTION CORP.
926 RexCorp Plaza
Uniondale, New York 11556-0926
(516) 357-3495

SCUNZIANO & ASSOCIATES, LLC
Attorneys for Third-Party Defendant,
N & C IRONWORKS, INC.
8403 13th Avenue
Brooklyn, New York 11228
(718) 491-3396

MMG DESIGN, INC.
85 Meade Loop
Staten Island, New York 10309

ATY, INC.
c/o Rami Babayoff
144-03 Melbourne Avenue
Flushing, New York 11367

O.M.I. CONSTRUCTION CO., INC.
11-25 46 Road, Suite #3A
Long Island City, New York 11101