# McCORMACK DECLARATION

# EXHIBIT L

08/01/2007 09:02 FAX 2127329346           WADE CLARK MULCAHY                            ☒001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
VASILIS AFTOUSMIS and CONSTANTIA         Index No.: 102479/07
AFTOUSMIS,
                                         *Affidavit*
                    Plaintiff,

          -against-

WONDER WORKS CONSTRUCTION CORP., and
FORTHRIGHT CONSTRUCTION, INC.,

                    Defendants.
---------------------------------------------------------------x
FORTHRIGHT CONSTRUCTION, INC.,
                                         Third-party
                                         Index No:
               Third-party plaintiff

          -against-

MMG DESIGN INC., ATY INC., N & C IRONWORKS,
INC., O.M.I. CONSTRUCTION CO. INC., and
MONACO CONSTRUCTION CORP.

               Third-party defendants
---------------------------------------------------------------x

State of New York    )
                     ) ss.:
County of Kings      )

    Rinat Yanborisov, being duly sworn, states the following to be true under penalties of perjury:

    1.    I am the principal of FORTHRIGHT CONSTRUCTION, INC., a defendant in the action commenced by Vasilis Aftousmis and Constantia Aftoumis  I submit this affidavit in opposition to plaintiff's motion for summary judgment.

2. As principal of FORTHRIGHT CONSTRUCTION, INC., I am fully familiar and have personal knowledge of both the operations of FORTHRIGHT CONSTRUCTION, INC. and the project known as Quentin Terrace.

3. FORTHRIGHT CONSTRUCTION, INC. entered into a contract with WONDER WORKS CONSTRUCTION CORP. on February 19, 2004. The contract required excavation and underpinning work as per the engineering plans approved by the New York City Department of Buildings.

4. FORTHRIGHT CONSTRUCTION, INC., subcontracted all of the work within the scope of the February 19, 2004 contract. Specifically, we hired MMG DESIGN to perform the demolition, excavation and underpinning.

5. MMG DESIGN further subcontracted its work to MONACO CONSTRUCTION CORP.

6. ATY, INC. performed underpinning, pile driving, dry packing and foundation work.

7. OMI CONSTRUCTION CO. INC., performed masonry work and N&C Ironworks performed work on the structural steel.

8. FORTHRIGHT CONSTRUCTION, INC., obtained all the proper permits and notified all adjacent owners prior to work being performed.

9. Prior to excavation work commencing, I personally visited the excavation site.

10. Prior to the excavation work, I photographed the plaintiff's building because I noticed several pre-existing cracks. Copies of seven photographs showing these cracks are annexed to this affidavit as **Exhibit "1"**.

11. All underpinning and dry packing work was performed according to the sheeting and underpinning plan drawn by ADG, the structural engineer. The sheeting and underpinning plan was approved by the Department of Buildings, No. 30175060 on May 20, 2004. All underpinning and dry packing work was performed according this drawing.

12. Further, at the completion of the underpinning and dry packing, the New York City Department of Buildings tested and approved the underpinning completed by the subcontractors.

13. There are several possible causes of the damage alleged in plaintiff's complaint. In my experience in construction, there are at least six possible causes: 1) water damage coming through pre-existing cracks and leaks in the rooftop; 2) installation of pylons in the cellar to support washing machines in tenant's laundromat; 3) the vibrations of the washing machine in the laundromat; 4) the emptying of wash water from the laundry machines under the cellar slab; 5) the concrete cellar slab is improperly designed and was not installed in a workmanlike manner; and 6) the faulty construction of the structural walls of plaintiff's premises.

14. The rooftop had many preexisting cracks, which are evident from the photographs annexed to this affidavit. While the photographs of the roof were taken after the excavation work began, the photographs show lack of proper flashing, lack of proper waterproofing, and pre-existing water damage. Four photographs of the rooftop are annexed as **Exhibit "2"**.

15. In an effort to install supports for the washing machine in the laundromat, several pylons were installed. Plaintiff's counsel has annexed to his motion a "crack diagram." It is evident from the diagram that the crack line in the cellar slab occurred along

WADE CLARK MULCAHY                                                      ☒004

the pylon line. Additionally, annexed as **Exhibit "3"** are three photographs, which show the cracks along the pylon line.

16. In my experience as a contractor, when the pylons were installed, a bore hole was drilled into the concrete cellar slab. The pylons extend through the cellar slab and down into the earth. The creation of the bore hole through the structure of the cellar slab compromised the structure of the slab. The pylons were installed prior to the excavation work, and thus are unrelated to the work set forth in our contract with Wonder Works Construction Corp.

17. On the floor directly above the pylons, there is a laundromat. In my professional experience, vibrations from the washing and drying machines cause vibrations that travel along the concrete floor and down the pylons extending through the cellar slab. These vibrations will cause cracks to the already compromised cellar slab. Additionally, vibrations from the washing and drying machines will worsen any pre-existing condition to the cellar slab.

18. A pit is located in the basement where water from the above washing machines is emptied below the building. This condition is depicted in the photographs annexed as **Exhibit "4"**. While I could not see whether the water penetrated the earth under the cellar slab because of suds, in my professional experience, any penetration of water into the soil under the slab will cause the soil to migrate and will contribute or cause cracks in the cellar slab. Additionally, water penetration can cause voids of soil under the cellar slab, which can lead to the cracks near plaintiff's hot water heater.

19. The cellar slab, where the water heater is located, was also defectively designed. The photograph annexed as **Exhibit "5"** shows the thickness of the cellar slab.

The cellar slab is not the proper thickness, and in my professional opinion, it cannot support the weight of the building.

20. Additionally, plaintiff's premises were not constructed properly. **Exhibit "6"** shows plaintiff's building while our underpinning work was being performed. There is a vertical crack in the center of the photograph. Underneath the structural wall is the foundation's footing (which is the part that protrudes outward from the structural wall and is located above the form for the installation of the underpinning). Notably, the footing is not cracked or damaged.

21. If the building were unsupported, the crack would have extended downward through the footing. Thus, in my professional experience, the crack did not result from lack of building support. Rather, on both sides of the crack, the concrete is different colors, which indicates that the cement was poured at separate times. The pouring of cement when the structure was built is what caused this crack and not the work performed at the Quentin Terrace project.

Dated: August 1, 2007

THIS IS TO CERTIFY THAT
ZAMSHTEYN YEVGENIYA
REGISTRATION
IS AN OFFICIAL

Sworn before me on this
1st day of August, 2007

Rinat Yanborisov