# McCORMACK DECLARATION

# EXHIBIT N

07-ES-220 MLS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE COMPANY,

                    Plaintiff,                                    Case No. 07 CV 4098

        -against-

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,
VASILIS AFTOUSMIS AND CONSTANTIA
AFTOUSMIS,

                    Defendants.
-----------------------------------------------------------X

## WONDER WORKS CONSTRUCTION CORP.'S OBJECTIONS AND RESPONSES TO ATLANTIC CASUALTY COMPANY'S FIRST SET OF DOCUMENT REQUESTS

**PLEASE TAKE NOTICE** that defendant Wonder Works Construction Corp. ("Wonder Works"), by and through its attorneys, McCabe, Collins, McGeough & Fowler, LLP, hereby objects and responds to plaintiff Atlantic Casualty Company's ("Atlantic Casualty") Combined Demand as follows:

### PRELIMINARY STATEMENT

1. These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety and admissibility) that would require the exclusion of any statement contained herein if the request were asked of or any statement contained herein were made by, a witness present and testifying in Court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

2. Wonder Works has not yet completed its investigation of the facts relating to this action, and has not yet completed its preparation for trial. Consequently, the following responses are given without prejudice to Wonder Works' right to produce, at the time of trial, subsequently-discovered evidence relating to the proof of facts subsequently discovered to be material.

3. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any request herein has been answered should not be taken as an admission, or a concession of the existence, of any facts set forth or assumed by such request, or that such response constitutes evidence of any fact thus set forth or assumed. All responses must be construed as given on the basis of present recollection. Any request deemed as continuing is objected to as oppressive, unduly burdensome and improper and will not be regarded as continuing in nature. All preliminary instructions and definitions to said responses are objected to as being burdensome and oppressive.

4. Certain of these responses, and/or documents specified in these responses, may identify persons. All persons identified in those documents who are current employees of Wonder Works or any such former employees who agree to representation provided by Wonder Works may be contacted only through Wonder Works' counsel in this action.

## GENERAL OBJECTIONS

1. Wonder Works object to these requests to the extent they seek privileged or confidential information, including information encompassed by the attorney-client privilege, the joint defense privilege, the work-product doctrine, the trade secret or proprietary information privilege, or any other judicially-recognized privilege or protection. Privileged or protected information that may be responsive to a particular request is not provided in these responses and will not be provided in future

-2-

responses Wonder Works does not waive or intend to waive, but rather intends to preserve and is preserving, the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, and every other judicially recognized protection and privilege with respect to all information and documents subject thereto. To the extent that any information or document that is properly the subject of any such privilege or protection is inadvertently produced in response to these requests, such production is not intended as, and should not be construed as, a waiver of any such privilege or protection.

2. Wonder Works' responses are and will be based upon information and belief after a reasonable and diligent investigation, including but not limited to a diligent search of records considered reasonably likely to contain information responsive to these requests. Wonder Works, however, has not searched and will not search, each and every record in its possession, custody, and control, and has not interviewed and will not interview all of its current and former employees, as such an investigation would be unreasonable and unduly burdensome, harassing and oppressive under the circumstances. To the extent these requests purport to require the responding party to conduct more than a reasonable and diligent investigation, Wonder Works objects that they are overbroad, burdensome, unduly burdensome, harassing, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

3. Wonder Works objects to each request to the extent that its seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure. Wonder Works will not respond to these requests in accordance with the requirements of the Federal Rules of Civil Procedure, subject to all applicable objections and protections.

4. Wonder Works objects to each request as overbroad, burdensome, unduly burdensome, harassing, and oppressive to the extent that it purports to cover persons or entities that are not parties to this action, or seeks information or documents that are not reasonably available to Wonder Works or within its possession, custody, or control.

5. Wonder Works objects to each request to the extent that it seeks legal contentions and supporting facts that are not reasonably ascertainable or available at this stage of the litigation, on the grounds that it is overbroad, burdensome, unduly burdensome, harassing, oppressive, and premature. Wonder Works reserves the right to amend or supplement its response to any such request.

6. Wonder Works construes each request to not seek the identification or contents of, or to require a privilege log for, legal memoranda, drafts of pleadings, attorney notes, letters, documents, or information exchanged between or among counsel for the insurers in this action, and documents and communications prepared by or on behalf of Wonder Works or its counsel in anticipation of or after the commencement of this action and any related coverage litigation between Wonder Works, or any other insurance carriers or parties.

7. Wonder Works objects to each request to the extent that it seeks information or documents containing trade secrets or proprietary or other confidential business information, including information or documents concerning reserves or reinsurance and correspondence with reinsurers. Wonder Works further objects that any requests for information or documents concerning reserves, reinsurance, or communications with reinsurers is overbroad, burdensome and seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Wonder Works will not provide any such information.

8. Wonder Works objects to each request to the extent that it is overbroad, burdensome, unduly burdensome, harassing, oppressive, seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, seeks information or documents equally available to parties from other sources, or is improper for any other reason.

9. Each response herein that states that certain information or documents will be provided or produced is not, and should not be construed as, an admission or representation that such information or documents in fact exist.

10. In providing these responses, Wonder Works does not waive or intent to waive, but rather intends to preserve and is preserving, each of the following: (a) all objections as to competency, relevancy, materiality, authenticity, and admissibility of any information or documents, including but not limited to all information and document identified herein; (b) all rights to object on any ground to the use in any subsequent proceedings, including trial of this or any other action, of any information or documents, including but not limited to information or documents provided herein; and (c) all rights to object on any ground to any further requests or other discovery requests.

11. Wonder Works has not completed its investigation, and discovery in this case is just beginning. Wonder Works therefore reserves the right to amend or supplement these objections and responses at a later date or present additional evidence based upon information subsequently obtained or evaluated.

## SPECIFIC OBJECTIONS AND RESPONSES TO
## ATLANTIC CASUALTY'S COMBINED DEMANDS

1.    Arch Insurance under Policies – 12GPP1315300, GPP0003288-00, 01 and 02) each

in the amount of $1 million/$2 million General Aggregate, subject to a $25,000 self assured

retention.

| Insurer | **Atlantic Casualty Insurance** | |
|---|---|---|
| Policy #, Dates | L036000522 | 11/24/03-11/24/04 |
| | L036001127 | 11/24/04-11/24/05 |
| | L036001737 | 11/24/05-11/24/06 |
| Name of Insured | Forthright Construction, Inc. | |
| Policy Limits | General Aggregate | 2,000,000 |
| | Completed OPS Aggregate | 1,000,000 |
| | Person & Advertising Injury | 1,000,000 |
| | Each Occurrence | 1,000,000 |
| | Fire Damage | 50,000 |
| | Medical Expenses | 5,000 |

2.    See response to #1 herein above.

3.    **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects

to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or

scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request

seeks information potentially protected by the attorney-client and/or attorney work product privileges.

Wonder Works also objects to this request on the grounds that the information this request seeks is in

Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, attached hereto, as **Exhibit "A"** is a copy of an

Agreement dated February 19, 2004 by and between Forthright Construction Inc. And Wonder Works

Construction Co. In addition, attached hereto, as **Exhibit "B"** are copies of the those aforementioned

policies of insurance currently in our possession. The remaining policies of insurance are in the possession

-6-

of insurance broker, Sterling & Sterling and shall be produced in the near future. At this time, there is no

other information or documentation in Defendant's possession responsive to the instant demand.

4.    **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects

to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or

scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request

seeks information potentially protected by the attorney-client and/or attorney work product privileges.

Wonder Works also objects to this request on the grounds that the information this request seeks is in

Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, attached hereto, as **Exhibit "C"** are copies of all

pleadings, motions, submissions, transcripts, ect. relative to the underlying action. Subject to and without

waiving the foregoing, Wonder Works states that it will provide all relevant, responsive, and non-privileged

documents from its claims file at issue in this litigation. Discovery is continuing. Wonder Works reserves

the right to supplement this response once discovery is complete.

5.    **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects

to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or

scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request

seeks information potentially protected by the attorney-client and/or attorney work product privileges.

Wonder Works also objects to this request on the grounds that the information this request seeks is in

Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, please refer to the response #4 herein above, further,

attached hereto, as **Exhibit "D"** are copies of Department of Transportation filings, Department of

Buildings filings, and Application and Certification of Payment forms.

-7-

6.    **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks information potentially protected by the attorney-client and/or attorney work product privileges. Wonder Works also objects to this request on the grounds that the information this request seeks is in Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, please refer to the response #4 herein above, particularly the Summons and Complaint as said document was the first notice given to Wonder Works of the underlying action.

7.    **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks information potentially protected by the attorney-client and/or attorney work product privileges. Wonder Works also objects to this request on the grounds that the information this request seeks is in Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, attached hereto, as **Exhibit "E"** is copy of documentary correspondence responsive to such demand.

8.    **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks information potentially protected by the attorney-client and/or attorney work product privileges.

-8-

Wonder Works also objects to this request on the grounds that the information this request seeks is in Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, attached hereto, as **Exhibit "F"** is copy of the instant United States District Court for the Southern District of New York action commenced under Case No. 07 CV 4098, which is the only correspondence responsive to such demand.

9.    **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks information potentially protected by the attorney-client and/or attorney work product privileges. Wonder Works also objects to this request on the grounds that the information this request seeks is in Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, please refer to the response #4 herein above.

10.    **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request seeks information potentially protected by the attorney-client and/or attorney work product privileges. Wonder Works also objects to this request on the grounds that the information this request seeks is in Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, please refer to the response #4 herein above.

11-12. **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request

seeks information potentially protected by the attorney-client and/or attorney work product privileges.
Wonder Works also objects to this request on the grounds that the information this request seeks is in
Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, please refer to the response #4 herein above.

13. **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects
to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or
scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request
seeks information potentially protected by the attorney-client and/or attorney work product privileges.
Wonder Works also objects to this request on the grounds that the information this request seeks is in
Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing answering Defendant intends to rely upon all
documents disclosed herein and any and all documents which became available to this answering Defendant
by means of the underlying State Court action or otherwise.

14. **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects
to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or
scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request
seeks information potentially protected by the attorney-client and/or attorney work product privileges.
Wonder Works also objects to this request on the grounds that the information this request seeks is in
Atlantic Casualty's possession or is more easily attainable from other sources and/or parties.

Subject to and without waiving the foregoing, please refer to the response #5 herein above

15. **RESPONSE:** In addition to the General Objections, Wonder Works specifically objects
to this request as vague, ambiguous, overbroad, unduly burdensome, not reasonably limited in time or

scope and not reasonably calculated to lead to the discovery of admissible evidence. Further, this request

seeks information potentially protected by the attorney-client and/or attorney work product privileges.

16.    **RESPONSE:** No policy or program exists relative to any such documents.

17.    **RESPONSE:** Please see response to First Set of Interrogatories.

Dated: Carle Place, New York
       March 31, 2008

                        Yours, etc.

                        McCABE, COLLINS, McGEOUGH & FOWLER, LLP.

                        BY: _____
                              MICHAEL L. SMAR
                        Attorneys for Defendant, WONDER WORKS
                        346 Westbury Avenue - P.O. Box 9000
                        Carle Place, New York  11514
                        (516) 741-6266
                        File No.: 07-ES-220 MLS

TO:    NIXON PEABODY, LLP.
       Attorneys for Plaintiffs
       437 Madison Avenue
       New York, New York 10022
       (212) 940-3000

Issued 06-21-2005   jv/GM

### COMMON POLICY DECLARATIONS
# SIRIUS AMERICA INSURANCE COMPANY
New York, New York

POLICY NO. IRS107746

IRS105049

Renewal of Number

1. **NAMED INSURED and MAILING ADDRESS:**      **PRODUCER:**

FORTHRIGHT CONSTRUCTION INC.            GLN WORLDWIDE, LTD.       0079
2240 MCDONALD AVENUE                   SUITE 203
BROOKLYN           , NY 11223             707 WESTCHESTER AVENUE
                                     WHITE PLAINS     , NY 10604

2. **POLICY PERIOD:** From 05-24-2005 to 05-24-2006 12:01 A.M. Standard Time at your Mailing Address above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

3. **THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

| COVERAGE PARTS | | PREMIUM |
|---|---|---|
| [X] Commercial General Liability | $ | 78,928.00 |
| [ ] Commercial Property | $ | |
| [ ] Commercial Crime | $ | |
| [ ] Boiler and Machinery | $ | |
| [ ] Commercial Inland Marine | $ | |
| [ ] Commercial Auto | $ | |
| [ ] Garage | $ | |
| [ ] Certified Terrorism | $ | |
| [ ] | $ | |
| [ ] | $ | |

| Premium Shown is payable: $ 78,928 at inception. | Total Policy ▶ Premium | $ 78,928 |
|---|---|---|

4. **FORMS APPLICABLE TO ALL COVERAGE PARTS:**
SAIC 033 (01/02)

5. **BUSINESS DESCRIPTION :** GROUNDUP CONSTRUCTION-6 STORY

Countersigned _____        By _____
                 (Date)                         (Authorized Representative)

31-0079/GLN WORLDWIDE, LTD.
SAIC 029 (01/02)

12/15/2005 19:43 FAX 7162365217                                    ☑003

Issued 06-21-2005   jv/GM

## COMMERCIAL GENERAL LIABILITY COVERAGE PART
## DECLARATIONS

# SIRIUS AMERICA INSURANCE COMPANY
New York, New York

IRS107746

Policy Number

IRS105049

Renewal of Number

1. **NAMED INSURED:**
FORTHRIGHT CONSTRUCTION INC.

2. **POLICY PERIOD:** from 05-24-2005 to 05-24-2006 at 12:01 A.M. Standard Time.
IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU
TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

3. LIMITS OF INSURANCE

| | |
|---|---|
| General Aggregate Limit (Other Than Products-Completed Operations) | $ 2,000,000 |
| Products-Completed Operations Aggregate Limit | $ 1,000,000 |
| Personal and Advertising Injury Limit | $ 1,000,000 |
| Each Occurrence Limit | $ 1,000,000 |
| Damage To Premises Rented To You Limit | $ 50,000  Any One Premises |
| Medical Expense Limit | $ 5,000  Any One Person |

DESCRIPTION OF BUSINESS AND LOCATION OF PREMISES

Business Description :
 GROUNDUP CONSTRUCTION-6 STORY

Location of All Premises You Own, Rent or Occupy:
Location # 1   1380 DAHILL ROAD
               BROOKLYN, NEW YORK

PREMIUM

| Classification | Code No. | Premium Basis | Pr/Co | Rate All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|
| Location # 1   1  Class Code | | | | | | |
| Contractors - executive | 91580 | P) 27,500 | Incl. | 1114.92 $ | Incl. $ | 30,660 |
| supervisors or | | | | | | |
| executive superintendents | | | | | | |

Premium shown is payable : $   78,928  at inception

Total Advance Premium   $   78,928
ESTIMATED PREMIUM   $   78920.00

4. FORMS AND ENDORSEMENTS

Forms and Endorsements applying to this Policy and made part of this policy at time of issue:
   SAIC 035 (01/02).

5. FORM OF BUSINESS

( ) Individual   ( ) Joint Venture   ( ) Partnership   (X) Organization (Other than Partnership or Joint Venture)
Audit Period: Annual unless otherwise stated:

0079/CLN WORLDWIDE, LTD.
SAIC C2C (01/02)

12/15/2005 18:04 FAX 7182306521                                    @004

Issued 06-21-2005   jv/GM

## COMMERCIAL GENERAL LIABILITY
### EXTENSION OF DECLARATIONS

Policy Number IRS107746                                    Form    1

### LOCATION OF PREMISES

Location of All Premises You Own, Rent or Occupy:

### PREMIUM

| Classification | Code No. | Premium Basis | Rate Pr/Co | All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|
| Location # 1   2   Class Code Contractors - subcontracted work- in connection with construction, reconstruction, repair or erection of buildings - for industrial use | 91584 | C) 1,400,000 | 32.701 | 1.151 | $ 45,781 | $ 1,611 |
| Location # 1   3   Class Code Real Estate Development Property | 47051 | T)   2 | Incl. | 437.791 | $ Incl. | $ 876 |

Extension of Declarations - Total Advance Premium $    78,928

SAIC C30 (01/92)
0079/GLN WORLDWIDE  LTD.

12/15/2005 16:04 FAX 7182365217                                                                                                                                                                          @005

Issued 06-21-2005  jv/GM

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## FORMS AND ENDORSEMENTS LIST

Forms and endorsements attached to this policy at inception:

| Form No. | Description |
|---|---|
| SAIC 028 (01/02) | COMMON POLICY DECLARATIONS |
| SAIC 020 (01/02) | GENERAL LIABILITY DECLARATIONS |
| SAIC 03C (01/02) | COMMERCIAL LIABILITY EXTENSION OF DECLARATIONS |
| CG 00 01 10 01 | COMMERCIAL GENERAL LIABILITY COVERAGE FORM (OCCURRENCE VERSION) |
| IL 00 17 11 98 | COMMON POLICY CONDITIONS |
| CG 21 47 07 98 | EMPLOYMENT RELATED PRACTICES EXCLUSION |
| CG 21 49 09 99 | TOTAL POLLUTION EXCLUSION ENDORSEMENT |
| IL 00 21 11 85 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT |
| CG 01 63 09 99 | NEW YORK CHANGES - COMMERCIAL GENERAL LIAB COVERAGE FORM |
| CG 01 04 12 01 | NEW YORK CHANGES - PREMIUM AUDIT |
| IL 02 58 02 05 | NEW YORK CHANGES - CANCELLATION AND NONRENEWAL |
| CG 26 21 10 91 | NEW YORK CHANGES - TRANSFER OF DUTIES WHEN A LIMIT OF INSURANCE IS USED UP |
| SAIC 023 (10/01) | ASSAULT AND BATTERY EXCLUSION |
| SAIC 024 (10/01) | PUNITIVE DAMAGE EXCLUSION |
| SAIC 054 (01/02) | ASBESTOS EXCLUSION ENDORSEMENT |
| SAIC 039 (01/02) | CLASSIFICATION ENDORSEMENT |
| SAIC 028 (10/01) | INDEPENDENT CONTRACTORS |
| CG 21 44 07 98 | LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECTS |
| CG 20 10 10 01 | ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION |
| IL 01 85 04 98 | NEW YORK CHANGES - CALCULATION OF PREMIUM |
| CG 21 60 09 98 | EXCLUSION - YEAR 2000 COMPUTER-RELATED AND OTHER ELECTRONIC PROBLEMS |
| SAIC 022 (12/03) | EXCLUSION OF COVERAGE |
| CG 21 54 01 96 | EXCLUSION - DESIGNATED OPERATIONS (WRAP-UP) |
| SAIC 191 (06/02) | EXTERIOR INSULATION & FINISH SYSTEM EXCLUSION (EIFS) |
| CG 21 53 01 96 | EXCLUSION - DESIGNATED ONGOING OPERATIONS |
| CG 21 73 12 02 | EXCLUSION OF CERTIFIED ACTS OF TERRORISM |
| SAIC 194 02 03 | EXCLUSION - ELECTRONIC RISK |
| CG 00 62 12 02 | WAR LIABILITY EXCLUSION |

This endorsement is a part of your policy and takes effect on the effective date of your policy, unless another effective date s shown below.

| Must Be Completed | | Complete Only When This Endorsement is Not Prepared with the Policy Or Is Not to be Effective with the Policy | |
|---|---|---|---|
| ENDT. NO. 0 | POLICY NO. 1RS127746 | ISSUED TO: FORTHRIGHT CONSTRUCTION INC. | EFFECTIVE DATE OF THIS ENDORSEMENT |

Countersigned by _____

Authorized Representative

SAIC 033 (01/02)                                                                                                                                                   Page 1

FROM :                          FAX NO. :              Sep. 23 2004 10:39AM  P1

*Pages: 2*

Issued 07-02-2004  jv/GM

## COMMON POLICY DECLARATIONS
# SIRIUS AMERICA INSURANCE COMPANY
New York, New York

POLICY NO. IRS105049

NEW
Renewal of Number

1. **NAMED INSURED and MAILING ADDRESS:**
   FORTHRIGHT CONSTRUCTION INC.
   2240 MCDONALD AVENUE
   BROOKLYN       , NY 11223

   **PRODUCER:**
   GLN WORLDWIDE, LTD.                    0079
   SUITE 203
   707 WESTCHESTER AVENUE
   WHITE PLAINS    , NY 10604

2. **POLICY PERIOD:** From 05-24-2004 to 05-24-2005 12:01 A.M. Standard Time at your Mailing Address above.

3. IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

   **THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED.   THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.**

| COVERAGE PARTS | PREMIUM |
|---|---|
| [X] Commercial General Liability | $ 70,976.00 |
| [ ] Commercial Property | $ |
| [ ] Commercial Crime | $ |
| [ ] Boiler and Machinery | $ |
| [ ] Commercial Inland Marine | $ |
| [ ] Commercial Auto | $ |
| [ ] Garage | $ |
| [ ] Certified Terrorism | $ |
| [ ] | $ |
| [ ] | $ |

| Premium Shown is payable:<br>$      70,976 at inception. | Total Policy ▸ $      70,976<br>Premium |
|---|---|

4. **FORMS APPLICABLE TO ALL COVERAGE PARTS:**
   SAIC 033 (01/02)

5. **BUSINESS DESCRIPTION :** GROUNDUP CONSTRUCTION-6 STORY

Countersigned _____     By _____
                        (Date)                          (Authorized Representative)

31-0079/GLN WORLDWIDE, LTD.
SAIC 029 (01/02)

Towe␣Insurance Company of New Y␣␣

120 Broadway, 14th Floor
New York, NY 10271

**COMMERCIAL LINES POLICY**
**COMMON POLICY DECLARATIONS**

Insured Copy

Policy Number: CGL2610688

**Named Insured and Mailing Address:**

Forthright Construction Inc
2240 McDonald Avenue
Brooklyn, NY 11223

**Producer and Mailing Address:** 021100W

MORSTAN GENERAL AGENCY OF NY
P. O Box 4500
Manhasset, NY 110304500
(516) 488-4747

The policy period is from **5/26/2006** to **5/26/2007**    12.01 A.M. Standard Time at your mailing address shown above

Business Description:    Contractor-Carpentry/Drywall

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

This policy consists of the following Coverage Parts for which a premium is indicated. This premium may be subject to adjustment.

|  | PREMIUM |
|---|---|
| COMMERCIAL AUTO COVERAGE PART | $0.00 |
| COMMERCIAL CRIME COVERAGE PART | $0.00 |
| COMMERCIAL GENERAL LIABILITY COVERAGE PART | $5,296.00 |
| COMMERCIAL INLAND MARINE COVERAGE PART | $0.00 |
| COMMERCIAL PROPERTY COVERAGE PART | $0.00 |
| DIRECTOR'S AND OFFICER'S LIABILITY COVERAGE PART | $0.00 |
| CERTIFIED TERRORISM LOSS PREMIUM | $0.00 |
| NY FIRE FEE | $0.00 |
| **TOTAL** | $5,296.00 |

Premium shown is payable:    **$5,296.00**    at inception.

Forms applicable to all Coverage Parts: (Show Numbers)*

IL 09 85 (01/03) - Disclosure Pursuant To Terrorism Risk Insurance Act
IL 00 17 (11/98) - Common Policy Conditions
IL 02 68 (11/05) - NY Changes - Cancellation and Nonrenewal

**DIRECT BILL**

* Omits Applicable Forms and Endorsements if shown in specific Coverage Part/Coverage Form Declarations

Countersigned    05/31/2006                    By _____
                                                    (Authorized Representative)

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY

Includes copyrighted material of Insurance Services Office, Inc., with its permission
Copyright, Insurance Services Office, Inc., 1983, 1984.

SVEMA  INSURANCE                                        PAGE   02/04

# Tower Insurance Company of New York

## COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS

**Policy No.**   CGL2610688
Policy Period:  5/26/2006  to    5/26/2007    12:01 A.M., Standard Time

### LIMITS OF INSURANCE

| | | |
|---|---|---|
| General Aggregate Limit (Other Than Products-Completed Operations) | $ 2,000,000 | |
| Products - Completed Operations Aggregate Limit | $ 1,000,000 | |
| Personal and Advertising Injury Limit | $ 1,000,000 | |
| Each Occurrence Limit | $ 1,000,000 | |
| Damages to Premises Rented to You | $ 100,000 | Any One Premises |
| Medical Expense Limit | $ 5,000 | Any One Person |

### BUSINESS DESCRIPTION AND LOCATION OF PREMISES

Form of Business:

[ ] Individual     [ ] Joint Venture     [ ] Partnership     [ ] Organization (Other than Partner or Joint Ven)     [X] Corporation

Business Description:   Contractor-Carpentry/Drywall

Location of All Premises You Own, Rent, or Occupy:

SEE EXTENSION OF DECLARATIONS

### PREMIUM

SEE EXTENSION OF DECLARATIONS

### FORMS AND ENDORSEMENTS     (other than applicable Forms and Endorsements shown elsewhere in the policy)

Forms and Endorsements applying to this coverage part and made part of this policy at time of issue:

SEE SCHEDULE OF ENDORSEMENTS

THESE DECLARATIONS TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART DECLARATIONS, COVERAGE PART FORM(S) AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright, Insurance Services Office, Inc., 1983, 1992

GL 100 (11-94)

SVERA INSURANCE    PAGE 03/04

# ... wer Insurance Company of Ne  York

## COMMERCIAL GENERAL LIABILITY
## EXTENSION OF DECLARATIONS

Policy No.  CGL2610688

Policy Period: 5/26/2006 to    5/26/2007  12.01 A.M., Standard Time

## LOCATION OF PREMISES

| Location No. | Address |
|---|---|
| 1 | 2240 McDonald Avenue  Brooklyn, NY 11223 |

## Exposures and Premiums:

| Loc. | Classification | Code | Premium Basis | Exposure Basis | Rate Pr/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
|---|---|---|---|---|---|---|---|---|
| 1 | 91341 CARPENTRY-INTERIOR | 91341 | Payroll (p) | 30,000 | 9.095 | 102.880 | $273 | $3,086 |
| 1 | 92338 DRY WALL OR WALLBOARD INSTALL | 92338 | Payroll (p) | 30,000 | 4.691 | 59.875 | $141 | $1,796 |

Total Advance Annual Premium $   5,296.00

# Tower Insurance Company of New York

## COMMERCIAL GENERAL LIABILITY
## EXTENSION OF DECLARATIONS

Policy No.    CGL2610688
Policy Period: 5/26/2006  to   5/26/2007   12:01 A.M. Standard Time

## LOCATION OF PREMISES

| Location No. | Address |
| --- | --- |
| 1 | 2240 McDonald Avenue  Brooklyn, NY  11223 |

## Exposures and Premiums:

| Loc. | Classification | Code | Premium Basis | Exposure Basis | Rate Pr/Co | Rate All Other | Advance Premium Pr/Co | Advance Premium All Other |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | 91341 CARPENTRY-INTERIOR | 91341 | Payroll (p) | 30,000 | 9.095 | 102.880 | $273 | $3,086 |
| 1 | 92338 DRY WALL OR WALLBOARD INSTALL | 92338 | Payroll (p) | 30,000 | 4.691 | 59.875 | $141 | $1,796 |

Total Advance Annual Premium  $    5,296.00