UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ATLANTIC CASUALTY
INSURANCE COMPANY,

              Plaintiff,

              Case No. 07 CIV 4098

    v.

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,    **AFFIDAVIT OF**
VASILIS AFTOUSMIS and CONSTANTIA    **ALLEN N. PARRAGA**
AFTOUSMIS,

              Defendants.
-------------------------------------------------------------X

**STATE OF NORTH CAROLINA**    )
                                          ) ss:
**COUNTY OF WAYNE**              )

    **ALLEN N. PARRAGA**, being duly sworn, deposes and states:

    1.    I am employed as Vice President of Underwriting for Strickland Insurance Group and, in such capacity, I handle the underwriting of insurance contracts including those issued on behalf of defendant Atlantic Casualty Insurance Company ("Atlantic Casualty"). As such, I have personal knowledge about the underwriting process and the facts as set forth herein.

    2.    I submit this affidavit in support of Atlantic Casualty's Motion for Summary Judgment in the above-captioned action.

    3.    Atlantic Casualty Insurance Company issued to Forthright Construction, Inc. ("Forthright") of 2240 McDonald Avenue, Brooklyn, New York 11223, insurance contracts numbered L036000522, with a policy period of 11/24/03 – 11/24/04; L036001127, with a policy

period of 11/24/04 – 11/24/05; and L036001737, with a policy period of 11/24/05 – 11/24/06 (collectively, the "Atlantic Casualty insurance contracts").

4. When procuring those insurance contracts, Forthright filled out and signed three separate commercial insurance applications and related documents setting forth the nature of the risk so that the exposure could be determined. In describing its business, Forthright stated that it was "drywall / wallboard installation," "residential carpentry," and "painting" work.

5. Attached hereto as **Exhibit A** is a true and correct copy of Forthright's insurance applications.

6. Based upon this information, the Atlantic Casualty insurance contracts were rated and issued as "Dry Wall or Wallboard Installation" (Code No. 92338), "Carpentry -- Construction of Residential Property not exceeding three stories in height" (Code No. 91340), and "subcontracted work – in connection with building construction, reconstruction, repair or erection – one or two family dwellings." (Code No. 91583)

7. During the application process, Forthright did not disclose any exposure to demolition, excavation, underpinning, and foundation work or that it was working (or contemplated working) on a condominium construction project. To the contrary, Forthright expressly responded "no" when asked whether it was doing or contemplated doing any such work. **(Ex. A)** Forthright also failed to disclose that it hired subcontractors do excavation and related work. Forthright stated on the insurance applications that it only hired subcontractors to do "painting" work. **(Ex. A)**

8. Here, it is my understanding that the alleged damage arises out of demolition, excavation, underpinning, and foundation work at a five and seven story condominium contract. Moreover, the work performed by Forthright's subcontractors was not limited to "painting" work. The work was simply not within the scope of the risk insured under the Atlantic Casualty insurance contracts since it was not what Forthright represented on the insurance applications.

9. Atlantic Casualty requires a formal submission for pre-approval of a contractor doing any work over three stories. In addition, Atlantic Casualty also requires a formal submission on any risk involving general contracting. No such formal submissions were received in this case for these policies since Forthright failed to disclose the risks.

10. Had Forthright disclosed that it would be responsible for or was contemplating the entire construction of a five and seven story condominium complex, including all demolition, excavation, underpinning, and foundation work and hiring subcontractors to do work besides "painting," Atlantic Casualty would not have issued the Atlantic Casualty insurance contracts. Atlantic Casualty prohibits insuring any kind of underpinning risk. Demolition, excavation, underpinning, and foundation work and condominium construction work are understood to be very significant, additional risks that are not within the scope of the Atlantic Casualty insurance contracts and were not disclosed by Forthright when applying for the Atlantic Casualty insurance contracts.

**WHEREFORE**, Atlantic Casualty respectfully requests that the Court grant its motion for summary judgment.

_____
ALLEN N. PARRAGA

Sworn to before me this
28 day of July, 2008

Machelle R Burnette
Notary Public

