UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATLANTIC CASUALTY
INSURANCE COMPANY,

                       Plaintiff,

                                                       Case No. 07 CIV 4098

     v.

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,    **AFFIDAVIT OF**
VASILIS AFTOUSMIS and CONSTANTIA    **RYAN BRAUNS**
AFTOUSMIS,

                       Defendants.
------------------------------------------------------------X

**STATE OF NORTH CAROLINA** )
                                ) ss.:
**COUNTY OF WAYNE**           )

       **RYAN BRAUNS**, being duly sworn, deposes and states on information and belief:

       1.    I am a claims examiner at American Claims Service, and handle claims for Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty"). I am responsible for handling the claims at issue herein, including the claims by defendants Forthright Construction, Inc. ("Forthright") and Wonder Works Construction Corp. ("Wonder Works") under the Atlantic Casualty insurance contracts at issue. As such, I am fully familiar with the facts as set forth herein based on my review of the records and handling of this matter.

       2.    I submit this Affidavit in support of Atlantic Casualty's motion for summary judgment on the grounds that: (1) the independent contractors / subcontractors exclusion applies to bar coverage, (2) there was a gross breach of the notice conditions precedent to coverage, (3) the material misrepresentations and failure to disclose material information on the insurance applications bar coverage, (4) the subsidence exclusion applies to bar coverage, (5) Forthright

and Wonder Works have other insurance that renders the Atlantic Casualty insurance contracts excess, (6) the claims in process exclusion applies to bar coverage, and (7) the claim seeks coverage for property damage arising out of operations that were not within the classification described in the 11/24/05-06 Atlantic Casualty insurance contract. Accordingly, Atlantic Casualty requests that this Court grant its motion for summary judgment.

### A.    The Nature of the Claim

3.    The owner of the project was Quentin Terrace LLC, which retained Wonder Works to act as the contractor for the project. On or about February 19, 2004, Wonder Works and Forthright entered into a "Subcontract" with respect to the construction of the project. The subcontract lists Wonder Works as the "Contractor" and Forthright as the "Subcontractor." Forthright contracted with several subcontractors, including MMG (demolition work), ATY (excavation, foundation, and underpinning work, OMI (brick veneer and wall installer), and N&C (iron works subcontractor).

4.    The claim arises out of the alleged damage to plaintiffs Vasilis and Constantia Aftousmis' premises located at 97 Quentin Road, Brooklyn, New York (the "premises"). The plaintiffs allege that Forthright's and Wonder Works' faulty construction work caused severe cracks in the premises. As a result, the underlying plaintiffs commenced an action against Forthright and Wonder Works seeking $10,000,000.00 in damages (the "Aftousmis action"). On or about June 12, 2007, Forthright filed a third-party action against subcontractors MMG Design, Inc. ("MMG"), ATY Construction ("ATY"), O.M.I. Construction Co., Inc. ("OMI"), N&C Iron Works, Inc. ("N&C"), and Monaco Construction Corp. ("Monaco"). On September 26, 2007, Wonder Works filed a second third-party action against the same third-party defendants. In both suits, Forthright and Wonder Works allege that the subcontractors contracted to work at the

project and that any liability sustained by Wonder Works or Forthright in the <u>Aftousmis</u> action is attributable to the subcontractors' negligence.

5. Atlantic Casualty, through its third-party claims administrator, American Claims Service, first received notice of the claim on February 28, 2007. Atlantic Casualty denied coverage for the claim, but agreed to provide a courtesy interim defense subject to a resolution of the coverage issues.

6. Attached as exhibit A is a true and correct of Atlantic Casualty's position letters with respect to this matter.

### B. The Declaratory Judgment Action

7. On May 25, 2007, Atlantic Casualty filed a declaratory judgment action against Forthright, Wonder Works, and Vasilis and Constantia Aftousmis in the United States District Court, Southern District of New York. In the declaratory judgment action, Atlantic Casualty seeks a declaration that it owes no coverage obligation with respect to the <u>Aftousmis</u> action.

### C. The Atlantic Casualty Insurance Contracts

8. Atlantic Casualty Insurance Company issued to Forthright Construction, Inc. of 2240 McDonald Avenue, Brooklyn, New York 11223, insurance contracts numbered L036000522, with a policy period of 11/24/2003 – 11/24/2004; L036001127, with a policy period of 11/24/2004 – 11/24/2005; and L036001737, with a policy period of 11/24/2005 – 11/24/2006 (collectively, the "Atlantic Casualty insurance contracts"). The Atlantic Casualty insurance contracts include the following provisions:

**SECTION I COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages A and B.

    b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    e.  Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

    \* \* \*

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS ...**

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit.**

    a.  You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    (1) How, when and where the "occurrence" or offense took place;

    (2) The names and addresses of any injured persons and witnesses; and

    (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

    b.    If a claim is made or "suit" is brought against any insured, you must:

        (1)    Immediately record the specifics of the claim or "suit" and the date received; and

        (2)    Notify us as soon as practicable.

    You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

    c.    You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit;"

        (2)    Authorize us to obtain records and other information;

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

        (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.    No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

* * *

**4.**    **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

    a.    **Primary Insurance**

    This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

    b.    **Excess Insurance**

    This insurance is excess over:

        (1)    Any of the other insurance, whether primary, excess, contingent or on any other basis:

            (a)    That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

  (b) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

  (c) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

  (d) If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion g. of Section I Coverage A Bodily Injury And Property Damage Liability.

(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

\* \* \*

## EXCLUSIONS/LIMITATIONS - COMBINATION ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

### EXCLUSION – INDEPENDENT CONTRACTORS/SUBCONTRACTORS

You or any insured are not covered for claims, loss, costs or expense arising out of the actions of independent contractors/subcontractors for or on behalf of any insured.

\* \* \*

### EXCLUSION – SUBSIDENCE

In consideration of the premium charged, it is hereby understood and agreed that liability for bodily injury or property damage caused by, resulting from, attributable to or contributed to, or aggravated by the subsidence of land as a result of a landslide, mud flow, earth sinking or shifting, resulting from operations of the Named Insured or any other subcontractor of the Named Insured is excluded.

\* \* \*

## EXCLUSION – CLAIMS IN PROCESS

Paragraphs **b. (3), c. and d.** under **Insuring Agreement of Section I – Coverage A – Bodily Injury and Property Damage Liability,** are deleted. The following is added to 2. Exclusions under **Section I – Coverage A – Bodily Injury and Property Damage Liability:**

1. any loss or claim for damages arising out of or related to "bodily injury" or "property damage", whether known or unknown:
    a. which first occurred prior to the inception date of this policy; or
    b. which is, or is alleged to be, in the process of occurring as of the inception date of this policy.

2. any loss or claim for damages arising out of ore related to "bodily injury" or "property damage", whether known or unknown, which is in the process of settlement, adjustment or "suit" as of the inception date of this policy.

We shall have no duty to defend any insured against any loss, claim, "suit" or other proceeding alleging damages arising out of or related to "bodily injury" or "property damage" to which this endorsement applies.

* * *

Atlantic Casualty insurance contract number L036001737 (11/24/05-06) also contains the following provisions:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART – DECLARATIONS

* * *

| Classification | Code No. |
|---|---|
| Dry Wall or Wallboard Installation | 92338 |
| * * * | |
| Carpentry – construction of residential property not exceeding three stories in height. | 91340 |
| Contractors – subcontracted work – in connection with building construction, reconstruction, repair or erection – one or two family dwellings. | 91583 |

* * *

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### CLASSIFICATION LIMITATION

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply to and no duty to defend is provided for "bodily injury", "property damage", "personal and advertising injury" or medical payments for operations which are not classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements.

\* \* \*

Atlantic Casualty insurance contracts numbered L036000522 (11/24/2003-11/24/2004) and L036001737 (11/24/05-11/24/2006) also contain the following provisions:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

**SUBCONTRACTORS – DEFINITION OF ADEQUATELY INSURED**

THIS ENDORSEMENT MODIFIES INSURANCE PROVIDED UNDER THE FOLLOWING:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The classifications used in this policy containing the words "Contractors – Subcontracted Work" apply to that portion of the operations performed for the insured by "adequately insured" subcontractors.

This insurance does not apply to any claim arising from subcontracted work unless:

1. The subcontractor maintains insurance in force for his operations with at least the following Limits of Liability:

    A. General Aggregate Limit
       (Other than Products –Completed Operations)         $1,000,000
       Products-Completed Operations Aggregate Limit       $1,000,000
       Each Occurrence Limit                                $1,000,000

    B. Or the limits provided by this policy, whichever are less; and

2. You maintain a current certificate of insurance for the subcontractor; and

3. A hold harmless agreement in favor of you has been executed with the subcontractor; and/or

4. You are endorsed to the subcontractors Commercial General Liability policy as an additional insured.

If all of the above conditions are met, the subcontractor will be considered "adequately insured" and exclusion AGL-005 Exclusion-Independent Contractors/Subcontractors shown on the Exclusions/Limitations-Combination Endorsement attached to this policy is deleted in its entirety.

All other terms and conditions remain unchanged.

* * *

9. Attached hereto as Exhibit B are true and correct copies of the Atlantic Casualty insurance contracts.

**D.    The Independent Contractors / Subcontractors Exclusion Applies**

10. The Exclusion – Independent Contractors/Subcontractors bars coverage for "claims, loss, costs or expense arising out of the actions of independent contractors/subcontractors for or on behalf of any insured." Under the exclusion, there is no coverage where the loss or claim arises out of the actions of any insured's contractors or subcontractors. (Ex. B)

11. Forthright was Wonder Works' subcontractor with respect to the project. Wonder Works did no work at the project, but hired Forthright to act as the subcontractor for the construction of the entire project. Forthright in turn subcontracted the construction of the entire project to its subcontractors, including demolition, excavation, and underpinning subcontractors. All of the work at the project was performed by Forthright's subcontractors. The claim alleges that Forthright and Wonder Works dug holes more than ten feet deep and did extensive underpinning and excavation work that caused the earth to shift, major cracks, separation, and structural damage to the plaintiffs' adjoining premises. Mark Kanevsky, Forthright's co-owner, stated on March 20, 2007 that Forthright hired all the subcontractors for the project, including the demolition, excavation, and underpinning subcontractors MMG and ATY. He also stated that Forthright contracted with ATY to do the excavation, foundation, and underpinning work, contracted with MMG Design to do the demolition work, and that that "[e]verybody who used to be on the project was under my supervision."

12. Forthright's other co-owner, Rinat Yanborisov, testified in the <u>Aftousmis</u> action that Forthright "subcontracted all of the work within the scope of the February 19, 2004 contract [with Wonder Works]."

13. Wonder Works hired Forthright to act as its subcontractor for the project. Forthright's co-owners both stated that all of the work at the project was done by Forthright's subcontractors. Thus, since the claim arises out of the work of independent contractors or subcontractors for any insured, the independent contractors / subcontractors exclusion applies to bar coverage for the claim.

14. The only possible exception would be if the defendants proved adequate insurance within the meaning of the insurance contracts. To date, however, they have failed to do so despite repeated requests in discovery.

E. **The Gross Breach Of The Notice Conditions Bars Coverage**

15. The Atlantic Casualty insurance contracts require that each insured provide timely written notice of an occurrence, claim, and suit. (Ex. B) The notice conditions are conditions precedent to coverage. Here, both Forthright and Wonder Works failed to provide the required timely written notice to Atlantic Casualty for years. Forthright and Wonder Works were both at the project daily and Forthright did a "damage inspection" of the project in March 2004. This was around the time that the demolition work at the project ended. Kanevsky saw cracks in the basement of the premises. In addition, Kanevsky states that the underlying plaintiffs complained about cracks in late 2004, so Kanevsky again inspected the premises. Further, in July 2005 and August 2006, the underlying plaintiffs filed complaints with the New York City Department of Buildings concerning the cracks allegedly caused by Forthright's and Wonder Works' negligent work.

16. Thus, the alleged damage was known since 2004, and both Forthright and Wonder Works were at the project every day. Despite this, Atlantic Casualty did not receive notice of the claim until February 28, 2007. This notice, however, was nearly three years after Forthright did a damage inspection of the premises and years after Forthright admits that the underlying plaintiffs complained about cracks in the premises in late 2004. This delay breached the notice conditions precedent to coverage of the Atlantic Casualty insurance contracts and bars coverage for the Aftousmis action.

17. Atlantic Casualty was also prejudiced by the nearly three-year delay in providing the required written notice to Atlantic Casualty. During the nearly three-year delay, Atlantic Casualty was deprived of its contractual right to protect itself. The gross late notice also deprived Atlantic Casualty of the opportunity to promptly investigate the underlying claim; of the ability to conduct a contemporaneous investigation of Forthright's and Wonder Works' alleged involvement in the circumstances concerning the incident; of the ability to inspect the premises before the conditions changed; of the opportunity to question witnesses about Forthright's and Wonder Works' alleged negligence before their memories faded, or before the witnesses left the jurisdiction; and of the opportunity to take action to limit liability, risk, and exposure for which Forthright and Wonder Works now seek defense and indemnity from Atlantic Casualty.

18. The material misrepresentations and failure to disclose material information on the applications for insurance from Atlantic Casualty also bar coverage for the claim. The insurance applications state that Forthright's business is "drywall/wallboard installation," "residential carpentry", and "painting." On the applications, Forthright answered "no" to questions regarding whether: (1) demolition exposure and structural operations were contemplated, (2) during the past 5 years, it worked on original structural construction,

townhouses, and (3) it did condominium, excavation, foundation, underpinning, earth moving, or tunneling work.

19.   The project involved the construction of a five and seven story condominium complex and the work included demolition, underpinning, excavation, and foundation work. Further, the <u>Aftousmis</u> action alleges that Forthright and Wonder Works negligently performed the work at the project. Forthright hired all the subcontractors for the project and oversaw all of the excavation, underpinning, and demolition work at the project.

20.   Forthright failed to disclose that it was in fact performing or contemplating to perform excavation, underpinning, foundation, and demolition work at a five and seven story condominium project. The insurance applications specifically asked Forthright to disclose this information, but Forthright did not do so. Atlantic Casualty would not have issued the policies had it known that Forthright was contemplating (and indeed, performing ) such work. Atlantic Casualty would not have insured and did not intend to insure such work. Thus, Atlantic Casualty is entitled to summary judgment.

21.   In addition, the Subsidence Exclusion also applies to bar coverage. It expressly provides that coverage for damage "caused by, resulting from, … the subsidence of land as a result of a … earth sinking or shifting, resulting from operations of the Named Insured or any other subcontractor of the Named Insured …." (Ex. B) The <u>Aftousmis</u> action alleges that the excavation work caused cracks to develop in the walls and cement floor of the adjacent premises.

22.   Further, the defendants have other insurance available for this claim, and the Atlantic Casualty insurance contracts are excess of such other insurance. The Atlantic Casualty insurance contracts state that they are excess to any other insurance available to the insured. (Ex. B) Forthright and Wonder Works have available insurance from Sirius America Insurance

Company and Tower Insurance Company under policies issued to Forthright. Wonder Works also has its own insurance with Arch Insurance. Forthright and Wonder Works also filed third-party actions against subcontractors who worked at the project seeking reimbursement for any judgment or liability incurred in the <u>Aftousmis</u> action. Thus, there is no coverage for the claim since the Atlantic Casualty insurance contracts are expressly excess to any such other insurance.

23.  The Claims In Process Exclusion also bars coverage for the claim under the 11/24/2004-11/24/2005 and 11/24/2005-11/24/2006 Atlantic Casualty insurance contracts. It bars coverage for any "bodily injury" or property damage" claim that "first occurred" before the policy incepted or which is "in the process of occurring" on the date the policy incepted. It also applies regardless of whether the insured knew of the alleged damage. (Ex. B) Here, the demolition work at the project ended in March 2004. Forthright did a "damage inspection" in March 2004 and observed cracks in the basement. In late 2004, Kanevsky again inspected the premises and observed several cracks, after the claimant had complained about cracks in his basement. The cracks worsened as the construction progressed. Thus, since the damage inspection and cracks were observed since March 2004, and the damage has worsened over time, the exclusion applies to bar coverage under the 11/24/2004-11/24/2005 and 11/24/2005-11/24/2006 insurance contracts.

24.  Finally, there is also no coverage since the alleged damage arises out of work that was not within the classification limitation endorsement of the 11/24/2005-11/24/2006 Atlantic Casualty insurance contract. Forthright was the general contractor at the project, which involved building a five story and a seven story condominium complex. Forthright was responsible for the construction of the entire project and hired all the subcontractors for the project, including

demolition, excavation, underpinning, and foundation subcontractors. The claim alleges that Forthright's and Wonder Works' negligent work damaged the premises.

25. The Classification Limitation Endorsement expressly limits coverage to property damage "arising out of only those operations described by the classification on the Commercial General Liability Coverage Declarations, its endorsements, and supplements." The Commercial General Liability Declarations page of the Atlantic Casualty insurance contract describes the insured's classification as "dry wall or wallboard installation" (Code No. 92338). (Ex. B) It also states that carpentry classification consists of "construction of residential property not exceeding three stories in height." (Code No. 91340) (Ex. B) Finally, with respect to contractors, it states that the classification is "subcontracted work – in connection with building construction, reconstruction, repair or erection – one or two family dwellings." (Code No. 91583) (Ex. B) Under the Classification Endorsement, coverage under the insurance contract only extends to a claim for "property damage" arising out of the above classifications.

26. Forthright, however, was doing general contracting, excavation, underpinning, and foundation work on a five and seven story condominium project at the time of the alleged damage. Thus, the claim does not fall within the Classification Limitation Endorsement of the 11/24/2004-11/24/2005 and 11/24/2005-11/24/2006 Atlantic Casualty insurance contract and is not covered.

**WHEREFORE**, for the reasons stated herein and in Atlantic Casualty's accompanying papers, Atlantic Casualty respectfully requests that this Court grant Atlantic Casualty's cross motion for summary judgment and declare that it has owes no coverage obligation whatsoever with respect to the <u>Aftousmis</u> action.

JACIEL GRILLO
Notary Public, North Carolina
Mecklenburg County
My Commission Expires

_____
RYAN BRAUNS

Sworn to before me this
12th day of August, 2008

_____
Notary Public