UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE COMPANY,            Case No.: 07CIV4098

               Plaintiff,

               -against-                                    **AFFIRMATION
                                                                  IN OPPOSITION**

FORTHRIGHT CONSTRUCTION, INC., WONDER
WORKS CONSTRUCTION CORP., AND VASILIS
AFTOUSMIS and CONSTANTIA AFTOUSMIS,

               Defendants.
------------------------------------------------------------------X

      RACHEL L. KAYLIE, an attorney duly admitted to practice before the courts of this State and before the United States District Court for the Southern District of New York, and an associate of the Law Offices of William Pager, attorneys for defendant FORTHRIGHT CONSTRUCTION, INC. (hereinafter "FORTHRIGHT", affirms the following to be true under penalty of perjury:

1) I am fully familiar with all of the pleadings and proceedings had in this matter previously, and make this affirmation in opposition to the summary judgment motion by plaintiff ATLANTIC CASUALTY INSURANCE COMPANY (hereinafter "ATLANTIC CASUALTY").

2) ATLANTIC CASUALTY issued an insurance policy to FORTHRIGHT CONSTRUCTION beginning on November 23, 2003 and ending on November 23, 2004. Subsequent renewals were made between the parties for November 23, 2004 – November 23, 2005 and for November 23, 205 – November 23, 2006. All exhibits are annexed to ATLANTIC CASUALTY's summary judgment motion and to the summary judgment motion made by

FORTHRIGHT CONSTRUCTION.

3) This action is one seeking a declaratory judgment that ATLANTIC CASUALTY does not have to provide defendants with coverage in the underlying Aftousmis action brought in the Supreme Court of the State of New York, nor do they have to indemnify WONDER WORKS.

4) As is argued more fully in FORTHRIGHT's summary judgment motion, the first time anyone from FORTHRIGHT had knowledge of the underlying claim and/or action for property damage was when FORTHRIGHT received a letter from the attorney for the Aftousmis', Steven Newman, dated February 2, 2007 advising of the underlying claim.

5) FORTHRIGHT received this letter on February 7, 2007, and that same day FORTHRIGHT faxed this letter to WONDER WORKS (the co-defendant in this action), and to FORTHRIGHT's broker BR Vital Brokerage.

6) As plaintiff admits in the memorandum of law attached to their moving papers, page 11, paragraph H, Atlantic Casualty received notice of the incident and claim on February 28, 2007.

7) On March 1, 2007, Green Mountain Agency, acting on behalf of ATLANTIC CASUALTY, sent BR Vital Brokerage and FORTHRIGHT a letter advising that the claim had been forwarded to American Claims Service for adjusting on behalf of ATLANTIC CASUALTY. See Exhibit N attached to FORTHRIGHT's moving papers for summary judgment.

8) In a belated letter dated April 10, 2007, American Claims Service, acting as agent for ATLANTIC CASUALTY, issued a disclaimer letter to

FORTHRIGHT detailing the alleged reasons for denying coverage, yet agreeing to provide a defense to FORTHRIGHT and to WONDER WORKS in the underlying Aftousmis action. See Exhibit K attached to FORTHRIGHT's moving papers for summary judgment.

9) In fact, ATLANTIC CASUALTY provided a defense to these defendants using attorneys chosen by and paid for ATLANTIC CASUALTY without the input of either defendant as to which attorneys would represent them, and without input from the defendants as to the costs of legal fees to be charged.

10) However, the April 10, 2007 letter was sent late (41 days late to be exact) and therefore, under New York law, ATLANTIC CASUALTY has waived all defenses to coverage and indemnification, including the numerous defenses they allege in their instant moving papers (i.e. late notice, the exclusion for work performed by independent/subcontractors, misrepresentations in the insurance applications, subsidence, other insurance availability, claims in process exclusion, and claim not falling within the scope of the classification limitation endorsement).

11) The Plaintiff learned all of the relevant facts that would influence their position vis-à-vis coverage on February 28, 2007 when they received notice of the underlying claim and action.

12) The Courts have held that the insurer failed to comply with their obligations where an insurer learns facts relevant to coverage in February, then issues a disclaimer letter in April:

> Insurance Law § 3420(d) requires an insurer to provide a written disclaimer "as soon as is reasonably possible."

> Reasonableness of delay is measured from the time when the insurer "has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage" (*First Fin. Ins. Co. v. Jetco Contr. Corp.*, 1 N.Y.3d 64, 66, 769 N.Y.S.2d 459, 801 N.E.2d 835). The insurer bears the burden of justifying any delay (*id.* at 69, 769 N.Y.S.2d 459, 801 N.E.2d 835). Contrary to the plaintiff's contention, the obligation to provide prompt notice under Insurance Law § 3420(d) is triggered when the insurer has a reasonable basis upon which to disclaim coverage, and cannot be delayed indefinitely until all issues of fact regarding the insurer's coverage obligations have been resolved. When in doubt, an insurer should issue a prompt disclaimer and then seek a declaratory judgment concerning its duty to defend or indemnify, rather than seeking such a judgment in lieu of issuing a disclaimer, as the plaintiff has done here (*cf. Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 356, 787 N.Y.S.2d 211, 820 N.E.2d 855).
>
> On this record, we find that the plaintiff had a reasonable basis upon which to disclaim coverage in or about March 2002, when it was first informed by Newbridge of the underlying action. Its "reservation of rights" letter, however, issued on or about April 12, 2002, did not constitute an effective disclaimer for purposes of Insurance Law § 3420(d) (*see e.g. Mohawk Minden Ins. Co. v. Ferry*, 251 A.D.2d 846, 848, 674 N.Y.S.2d 512). **Republic Franklin Ins. Co. v. Pistilli** 16 A.D.3d 477, 791 N.Y.S.2d 639 N.Y.A.D. 2 Dept., 2005.

13) The courts view this policy strictly:

> Several courts have held relatively short delays in notifying the insured of denial of coverage to be unreasonable as a matter of law (*see First Fin. Ins. Co.*, 1 NY3d at 69-70 [a 48-day delay

was unreasonable as a matter of law]; *Matter of Nationwide Mut. Ins. Co. [Steiner]*, 199 A.D.2d 507, 508 [1993] [an unexplained **41-day** delay was unreasonable as a matter of law]; *Transcontinental Ins. Co. v. Gold,* 18 Misc.3d 1135[A], 2008 N.Y. Slip Op 50322, *1 [U] [2008] [even a "**thirty-day delay** is unreasonable as a matter of law where the sole ground on which coverage is disclaimed is obvious from the face of the notice of claim and the accompanying complaint, and there existed no need to conduct an investigation before determining whether to disclaim"]; **Long Island Ins. Co. v. Johnson** Slip Copy, 2008 WL 2828533 (Table) N.Y.Sup.,2008. (emphasis added)

14) The **Long Island Insurance** court explained as follows:

> In *Allstate,* an insurer's 34-day delay in disclaiming coverage, based upon lack of notice of the accident and the fact that the driver was not listed as an insured driver, was held to be unreasonable as a matter of law. The Appellate Division stated that the insurer "could have immediately disclaimed based upon lack of notice and thereafter disclaimed in a separate letter on the additional ground that the driver was not listed as insured driver once that fact was ascertained" (*id.* at 463).

15) Similarly, in this case, ATLANTIC CASUALTY possessed all of the relevant facts early on, in February, since they had notice of the allegations made in the underlying Aftousmis action. As such, they failed to comply with their obligations by issuing a disclaimer letter a full 41 days after their admitted receipt of notice on February 28, 2007.

16) The insurer's failure to comply with the statutory requirement (to timely deny or disclaim) renders the denial or the disclaimer ineffective, regardless of

whether the insured gave timely notice of the claim or accident. State Farm v. Clift, 249 A.D.2d 800, 671 N.Y.S.2d 843, 1998 N.Y. Slip Opinion 03764 (1998).

17) The Court of Appeals has held that, "When the facts of the occurrence are such that an insured, acting in good faith would not reasonably believe that liability will result, notice of the occurrence is given "as soon as possible if given promptly after the insured receives notice that a claim will in fact be made. D'Aloia v. Travelers, 85 N.Y.2d, 647 N.E.2d, 623 N.Y.S.2d 837 (1995); see also Merchants Mutual Ins. Co. v. Hoffman, 56 N.Y.2d 799, 452 N.Y.S.2d 398, 437 N.E.2d 1155.

18) In the D'Aloia decision, the Court of Appeals upheld the Appellate Divisions and the Trial Court's finding that the insurance carrier had the duty to defend and indemnify even where the action was commenced nearly three (3) years after the occurrence.

19) In the instant matter, as is more fully detailed in FORTHRIGHT's summary judgment motion, although any alleged damage to the Aftousmis property was known to FORTHRIGHT through their routine inspections of the property as it surrounded the property for the Quentin Terrace project, it was the expert opinion of Mark Kanevsky of FORTHRIGHT that any damage was preexisting to the beginning of any work being done on the Quentin Terrace project. See Affidavit of Mark Kanevsky and his deposition transcript attached to FORTHRIGHT'S moving papers.

20) Therefore, FORTHRIGHT had no reason to believe that any claim existed during the actual period of construction from February 2004 until late in 2006.

21) The first FORTHRIGHT knew of any actual claim being made by the Aftousmis' was the notice letter he received from Steve Newman on February 7, 2007 when they promptly notified ATLANTIC CASUALTY as they were required to do under the policy.

22) The Appellate Division provided another well-reasoned decision in the similar case of 875 Forest Avenue Corp. v. The AETNA Casualty, 37 A.D.2d 11, 322 N.Y.S2d 53 (1971); aff'd 30 N.Y.2d, 726, 332 N.Y.S.2d 896, 283, N.E.2d 768.

23) In that case, a three-year old girl fell out of a window of an apartment occupied by her parents. Two days later, the president of the landlord, 875 Forest Avenue, learned of the incident during a regularly scheduled visit to the building. As in this case, the landlord was unaware of any defective conditions or complaints, which may have contributed to the incident (in the underlying action, FORTHRIGHT was of the opinion that any damage to the Afoutmis property was preexisting and no complaints had been made to FORTHRIGHT at any time during construction). Further, as in this case, the landlord was not on notice that a claim against them may arise until they received a letter from the Plaintiff's attorney.

24) The issue presented to the Appellate Division was whether the landlord was obligated to report the incident immediately upon learning of the fall or "whether under the circumstances of this case the plaintiff's (landlord's) notice,

given promptly after it first received a claim, was given "as soon as practicable". 322 N.Y.S.2d 53, 54-55.

25) The Appellate Division held that,

> "Plaintiff's knowledge of the incident at the time was not such as to lead it to believe that an accident occurred for which he may or could have been liable for the accident". There was nothing in the manner in which the accident occurred which would have suggested the possibility of a liability claim against plaintiff and we believe it would be unfair ... to charge plaintiff in these circumstances with the duty of giving notice when all it knew was simply that an injury occurred on its premises". Pp. 55-56.

26) The Appellate Division cautioned that, "a different conclusion than here might burden an insured with the onerous responsibility of reporting each and every occurrence or event that comes to his knowledge" p. 56.

27) Both the facts and reasoning process of this case are directly on point herein.

28) Again, the Court of Appeals in Brandon v. Nationwide has held that:

> "Insurers relying upon the late notice of legal action defense should be required to demonstrate prejudice. We place the burden of proving prejudice on the insurer because it has the relevant information about its own claims handling procedures and because the alternative approach would saddle the policyholder with the task of proving a negative". 97 N.Y.2d 491, 498, 769 N.E.2d 810, 815, 743 N.Y.S.2d 53, 58 (2002).

29) The Courts also held:

> In cases governed by Insurance Law § 3420(d), the question whether a disclaimer has been issued with reasonable promptness is, in all but extreme cases, a question

of fact (*Hartford Ins. Co. v. County of Nassau,* 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061; *Allstate Ins. Co. v. Gross,* 27 N.Y.2d 263, 317 N.Y.S.2d 309, 265 N.E.2d 736). In the case of a completely unexplained delay of two months, measured from the time when the insurer had knowledge of the accident, knowledge of the related legal claim, and knowledge of the basis for disclaimer, the Court of Appeals held that the delay was unreasonable as a matter of law (*Hartford Ins. Co. v. County of Nassau, supra; see also, Matter of Firemen's Fund Ins. Co. of Newark v. Hopkins,* 88 N.Y.2d 836, 644 N.Y.S.2d 481, 666 N.E.2d 1354, *affg.* 209 A.D.2d 518, 619 N.Y.S.2d 287; *Matter of Allstate Ins. Co. v. Souffrant,* 221 A.D.2d 434, 633 N.Y.S.2d 575; *Matter of Nationwide Mut. Ins. Co. v. Steiner,* 199 A.D.2d 507, 605 N.Y.S.2d 391 [41 days delay unreasonable as a matter of law]).

30) The Second Department has also held:

An insurer must give timely notice of a disclaimer "as soon as is reasonably possible" after it first learns of the accident or the ground for the disclaimer of liability (*Hartford Ins. Co. v. County of Nassau,* 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 389 N.E.2d 1061; *see Mount Vernon Hous. Auth. v. Public Serv. Mut. Ins. Co.,* 267 A.D.2d 285, 699 N.Y.S.2d 905; Insurance Law § 3420[d]). It is the insurer's burden to explain the delay in notifying the insured of its disclaimer and the reasonableness of the delay must be determined from the time the insurer was aware of facts sufficient to disclaim (*see Mount Vernon Hous. Auth. v. Public Serv. Mut. Ins. Co., supra; Ward v. Corbally, Gartland and Rappleyea,* 207 A.D.2d 342, 615 N.Y.S.2d 430). Here, the appellant insurer received notification of the accident on or about March 2, 2000 but *596 inexplicably failed to disclaim liability based on the supervision exclusion of its policy until on or about May 12, 2000. While an unexplained two-month delay has been held unreasonable as a matter of law (*see Hartford Ins. Co. v. County of Nassau, supra; see also Matter of Nationwide Mut. Ins. Co. v. Steiner,* 199 A.D.2d 507, 605 N.Y.S.2d 391), under the circumstances of this case, an issue of fact exists as to the whether the delay in disclaiming liability was reasonable (*see* **Murphy v. Hanover Ins. Co.,** *239 A.D.2d 323, 657 N.Y.S.2d 740; Wilczak v. Ruda & Capozzi,* 203 A.D.2d 944, 611 N.Y.S.2d 73). Pawley Interior Contracting, Inc. v. Harleysville Ins. Companies 11 A.D.3d 595, 782 N.Y.S.2d 660 N.Y.A.D. 2 Dept. 2004.

31) As such, ATLANTIC CASUALTY's 41-day delay in disclaiming is unreasonable as a matter of law and should fail. ATLANTIC CASUALTY never even offered any reason or excuse for such a long delay in disclaiming.

32) At the very least, there is an issue of fact as to the reasonableness of the delay that requires a determination and thus precludes the granting of summary judgment in favor of ATLANTIC CASUALTY.

33) As for all the allegations raised in ATLANTIC CASUALTY's summary judgment motion, in the interest of not repeating the same arguments here as were made in FORTHRIGHT's summary judgment motion, I respectfully request that this Honorable Court refer to the undersigned's Affirmation in Support of that motion and all the supporting Affidavits and Exhibits annexed thereto.

34) All issues raised by ATLANTIC CASUALTY in this motion have been addressed in full in FORTHRIGHT's motion.

**WHEREFORE,** affirmant respectfully requests that plaintiff's summary judgment motion be in all respects denied, that FORTHRIGHT's summary judgment motion be in all respects granted, together with such other, further, and different relief as to this Court seems just and proper.

DATED:   Brooklyn, New York
         August 14, 2008

                                                    _____
                                                    RACHEL L. KAYLIE

Our File No: 1655

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK, COUNTY OF KINGS ss.:

Tatiana Mirochnik being duly sworn, deposes and says:

I am over 18 years of age, I am not a party to the action, and I reside in Kings County in the State of New York.

I served a true copy of the annexed

## AFFIRMATION IN OPPOSITION

on August 15, 2008

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

CYRIL E. SMITH, ESQ.
NIXON PEABODY, LLP
Attorneys for Plaintiff
ATLANTIC CASUALTY INSURANCE CO.
437 Madison Avenue
New York, NY 100022

MICHAEL L. SMAR, ESQ.
MCCABE, COLLINS, MCGEOUGH & FOWLER, LLP
Attorneys for Defendant
WONDER WORKS CONSTRUCTION CORP.
346 Westbury Avenue, P.O. Box 9000
Carle Place, NY 11514

VASILIS AND CONSTANTIA AFTOUSMIS
97 Quentin Road
Brooklyn, NY 11223

_____
Tatiana Mirochnik

Sworn to before me August 15, 2008

_____
Notary Public

EARLE F. WEPRIN
Notary Public, State of New York
No. 01WE4623377
Qualified in Kings County
Commission Expires Dec. 31, 2010

Case No. 07CIV4098 (DC)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ATLANTIC CASUALTY INSURANCE COMPANY,

                Plaintiff,

V.

FORTHRIGHT CONSTRUCTION, INC., WONDER WORKS CONSTRUCTION CORP., AND VASILIS AFTOUSMIS and CONSTANTIA AFTOUSMIS,

                Defendants.

---

### AFFIRMATION IN OPPOSITION

---

**Law Offices of William Pager**
**Attorneys for Defendant Forthright Construction, Inc.**
470 Kings Highway
Brooklyn, New York 11223
Phone: 718-998-1010
Fax: 718-998-8046

---

*PLEASE TAKE NOTICE*

That the within is a true copy of a _____ entered in the office of the clerk of the within named Court on

That a _____ of which the within is a true copy will be presented for settlement to the Hon. _____ One of the Judges of the within named Court at _____ on at 9:30 a.m.

---

Due and timely service of the within _____ is hereby admitted

Dated:

                              X _____

Attorneys for