UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ATLANTIC CASUALTY
INSURANCE COMPANY,

                        Plaintiff,

                                                    Case No. 07 CIV 4098

            v.

FORTHRIGHT CONSTRUCTION, INC.,
WONDER WORKS CONSTRUCTION CORP.,
VASILIS AFTOUSMIS and CONSTANTIA
AFTOUSMIS,

                        Defendants.
-------------------------------------------------------------X


### ATLANTIC CASUALTY'S MEMORANDUM OF LAW IN OPPOSITION TO FORTHRIGHT CONSTRUCTION, INC.'S  MOTION FOR SUMMARY JUDGMENT


Aidan M. McCormack
Cyril E. Smith
Nixon Peabody LLP
*Attorneys for Plaintiff*
*Atlantic Casualty*
*Insurance Company*
437 Madison Avenue
New York, New York 10022
(212) 940-3000

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ...................................................................................... 4

ARGUMENT .......................................................................................................... 5

POINT I  THE EXCLUSION – INDEPENDENT CONTRACTORS / SUBCONTRACTORS
        BARS COVERAGE FOR THE AFTOUSMIS ACTION ...................................... 5

   A.        The Record Establishes That the Exclusion Applies ................................. 5

   B.        Forthright Has Not Proven That The Exception To The Exclusion Applies.........7

POINT II  THE RECORD ESTABLISHES THAT THE GROSS BREACH OF THE NOTICE
        CONDITIONS OF THE ATLANTIC CASUALTY INSURANCE CONTRACTS
        BARS COVERAGE FOR THE AFTOUSMIS ACTION ...................................... 10

POINT III  THE MATERIAL MISREPRESENTATIONS IN THE INSURANCE
        APPLICATIONS BAR COVERAGE ................................................................. 13

POINT IV  THE SUBSIDENCE EXCLUSION BARS COVERAGE FOR THE AFTOUSMIS
        ACTION ............................................................................................................. 14

POINT V  THE OTHER INSURANCE DEFENSE BARS COVERAGE FOR THE
        AFTOUSMIS ACTION ....................................................................................... 15

POINT VI  THE CLAIMS IN PROCESS EXCLUSION BARS COVERAGE FOR THE
        AFTOUSMIS ACTION ....................................................................................... 16

POINT VII  THERE IS NO COVERAGE SINCE THE CLAIM DOES NOT FALL WITHIN
        THE SCOPE OF THE CLASSIFICATION LIMITATION ENDORSEMENT IN
        THE 11/24/05-06 INSURANCE CONTRACT ................................................... 17

CONCLUSION ...................................................................................................... 18

## TABLE OF AUTHORITIES

### FEDERAL CASES

Briggs Ave., L.L.C. v. Ins. Corp., 516 F.3d 42 (2nd Cir. 2008) ........................................12

Mt. Vernon Fire Ins. Co. v. Chios Constr. Corp., 1996 U.S. Dist. LEXIS 414
    (S.D.N.Y. 2006) ...............................................................................................7

N.Y. Marine & Gen. Ins. Co. v. Tradeline (L.L.C.),
266 F.3d 112 (2nd Cir. 2001) ...........................................................8, 9, 13, 14

Phila. Indem. Ins. Co. v. Horowitz, Greener & Stengel, LLP, 379 F. Supp. 2d 442
    (S.D.N.Y. 2005) ..............................................................................................14

U.S. Underwriters Ins. Co. v. Congregation Kollel Tisereth, 2004 U.S. Dist.
    LEXIS 19608 (E.D.N.Y. 2004) .......................................................................7

### STATE CASES

Amer. Home Products Assur. Co. v. Internat'l Ins. Co., 90 N.Y.2d 433, 661
    N.Y.S.2d 584 (1997) .......................................................................................10

Buccini v. 1568 Broadway Assocs., 250  A.D.2d 466, 673 N.Y.S.2d 398 (1st
    Dep't 1998) ........................................................................................................9

Cali v. Merrimack Mut. Fire Ins. Co., 43 A.D.3d 415 (2d Dep't 2007) .....................14, 15

Great Canal Realty Corp. v. Seneca Ins. Co., 5 N.Y.3d 742, 743, 800 N.Y.S.2d
    521 (2005) .......................................................................................................12

Horn Maintenance Corp. v. Aetna Cas. & Sur. Co., 225 A.D.2d 443, 639
    N.Y.S.2d 355 (1st Dep't 1996) ........................................................................9

Labate v. Liberty Mut. Ins. Co., 45 A.D.3d 811 (2d Dep't 2007)...............................14

McGill v. Polytechnic Univ., 235 A.D.2d 400, 651 N.Y.S.2d 992 (2d Dep't 1997) ..........9

Penske Truck Leasing Co. v. Home Ins. Co., 251 A.D.2d 478, 674 N.Y.S.2d 400
    (2d Dep't 1998) .................................................................................................9

Progressive Cas. Ins. Co. v. Yodice, 276 A.D.2d 540, 714 N.Y.S.2d 715 (2d Dep't
    2000) .................................................................................................................9

Security Mut. Ins. Co. v. Acker-Fitzsimons Corp., 31 N.Y.2d 436, 340 N.Y.S.2d
    902 (1972) .......................................................................................................10

St. George v. W.J. Barney Corp., 270 A.D.2d 171, 706 N.Y.S.2d 24 (1st Dep't 2000) ...........................................................................................................9

Trapani v. 10 Arial Way Associates, 301 A.D.2d 644, 755 N.Y.S.2d 396 (2d Dep't 2003).....................................................................................................9

York Specialty Food, Inc. v. Tower Ins. Co. of, N.Y., 47 A.D.3d 589, 590, 850 N.Y.S.2d 409 (1st Dep't 2008)......................................................................12

Atlantic Casualty Insurance Company ("Atlantic Casualty") respectfully submits this memorandum of law (1) in opposition to Defendant Forthright Construction, Inc.'s ("Forthright") motion for summary judgment and (2) in further support of Atlantic Casualty's motion for summary judgment.

## PRELIMINARY STATEMENT

Atlantic Casualty's motion for summary judgment should be granted and Forthright's motion for summary judgment should be denied since the record firmly establishes that: (1) the independent contractors / subcontractors exclusion applies to bar coverage, (2) there was a gross breach of the notice conditions precedent to coverage, (3) the material misrepresentations and failure to disclose material information on the insurance applications bar coverage, (4) the subsidence exclusion applies to bar coverage, (5) Forthright and Wonder Works have other insurance that renders the Atlantic Casualty insurance contracts excess, (6) the claims in process exclusion applies to bar coverage, and (7) the claim seeks coverage for property damage arising out of operations that were not within the classification described in the 11/24/2005-11/24/2006 Atlantic Casualty insurance contract. While the record and Atlantic Casualty's motion papers establish that each of the above defenses applies to bar coverage, at least three of the defenses merit special attention based on Forthright's motion.

First, the independent contractors / subcontractors exclusion bars coverage. The exclusion bars coverage for claims or losses arising out of the activity of independent contractors/subcontractors for any insured. **(Brauns Aff. Ex. B; ¶8)**[1] It contains an exception, however, where the insured's subcontractors are "adequately insured." Here, Forthright was

---

[1]    References to "Brauns Aff." are to the Affidavit of Ryan Brauns, with exhibits, in support of Atlantic Casualty's motion for summary judgment.

Wonder Works' subcontractor at the project, hired all of the subcontractors to work at the project, and all of the work at the project, including the demolition, underpinning, and excavation work that caused the alleged damage, was done by Forthright's subcontractors. The claim plainly arises out of the activity of Forthright's subcontractors, so the exclusion applies to bar coverage.

Forthright has failed to establish that the "adequately insured" subcontractors exception to the exclusion applies. The exception requires, among other things, that each subcontractor's general liability policy provide a $1,000,000 each occurrence limit. In support of its position, Forthright solely relies upon certificates of insurance issued to its subcontractors. Under settled New York law, however, a certificate of insurance is insufficient to establish that a policy was issued, especially where, as here, the certificates state that they confer no rights and do not alter the coverage provided. Also, at least one of the certificates provides a $1,000,000 combined limit and not a $1,000,000 each occurrence limit as required for the exception to apply. Moreover, despite repeated requests by Atlantic Casualty, Forthright has not produced any of its subcontractors' purported insurance policies, let alone policies providing the requisite $1,000,000 each occurrence limit. Forthright's counsel instead provided an affidavit stating that Forthright produced all responsive documents in its possession. Simply put, this means that Forthright has no evidence that the insurance polices listed on the subcontractors' purported certificates of insurance actually exist. Further, Forthright has produced only two purported "subcontracts" that actually contain a hold harmless agreement. Finally, none of the certificates states that Forthright is an additional insured under the subcontractors' purported policies. Forthright is listed as merely a "certificate holder," and not an additional insured. Moreover, even if Forthright were named as an additional insured on the certificates, that would still be insufficient to prove additional insured status under settled New York law. Thus, since the claim

arises out of Forthright's subcontractors' activities and Forthright has failed to prove that the exception applies, there is no coverage for this claim under the Atlantic Casualty insurance contracts.

Second, the gross breach of the notice conditions precedent also bar coverage for this claim. Forthright contends that it first learned of the alleged damage when it received a February 2, 2007 letter from the underlying plaintiffs' counsel. To the contrary, Mark Kanevsky testified that: (1) Forthright and Wonder Works were at the project daily, (2) Forthright did a "damage inspection" of the premises after demolition work ended in March 2004, (3) in late 2004, Forthright again inspected the premises after the owner complained about cracks, and promised to "fix anything in the building" when Forthright's work is finished, (4) in late 2005 or early 2006, Forthright again inspected the premises after being contacted by the building's superintendent and observed cracks in the basement, and (5) inspected the premises at least three to four times during construction. Thus, there is simply no merit to Forthright's contention that it first learned of the claim on February 2, 2007, and that it reasonably believed that it would not be liable for the alleged damage. Rather, the record makes clear that Forthright repeatedly inspected the premises, promised to fix any damage to the premises, and observed numerous cracks in the premises. Moreover, in July 2005 and August 2006, Aftousmis filed complaints with the New York City Department of Buildings concerning the cracks allegedly caused by Forthright's and Wonder Works' work at the project. Finally, New York law does not require Atlantic Casualty to prove prejudice to prevail on late notice. And even if it did, Atlantic Casualty has proffered evidence of the substantial prejudice it sustained as a result of the gross late notice.

Additionally, Forthright's material misrepresentations and failure to disclose material information also bar coverage. Forthright contends that any failure to disclose or material

misrepresentation was before the initial policy incepted. Even so, however, the record establishes that Forthright made material misrepresentations and failed to disclose material information on the subsequent insurance applications as well, including the applications it completed while the excavation, underpinning and related work at the project was ongoing. Forthright expressly stated on the applications that that it did not do such work. Importantly, Atlantic Casualty would not have issued the insurance contracts had it known that Forthright was contemplating – and was in fact performing – such work. **(Parraga Aff. ¶ 10)**[2] Further, the subsidence exclusion also applies since the record, including expert reports, establish that the large, deep holes and extensive excavation and underpinning work at the project caused the underlying plaintiffs' adjoining premises to shift, separate, and crack.  In addition, Forthright and Wonder Works have other insurance with Sirius America  Insurance Company, Tower Insurance Company, and Arch Insurance that renders the Atlantic Casualty insurance contracts excess. There is no coverage for the claim since the Atlantic Casualty insurance contracts are expressly excess to any such other insurance. Finally, as set forth in Atlantic Casualty's motion papers, the Claims In Process exclusion and the Classification Limitation Endorsement also apply to bar coverage.

Accordingly, for each of the reasons set forth above, Atlantic Casualty respectfully requests that this Court grant its motion for summary judgment and declare that Atlantic Casualty owes no coverage obligation with respect to the <u>Aftousmis</u> action.

## <u>STATEMENT OF FACTS</u>

Atlantic Casualty respectfully refers the Court to the Statement of Facts in its Memorandum of Law in support of its motion for summary judgment, dated August 1, 2008.

---

[2]     References to "Parraga Aff." are to the Affidavit of Allen N. Parraga, with exhibit, in support of Atlantic Casualty's motion for summary judgment, and sworn to on July 28, 2008.

That document and the preliminary statement, statement of facts, and legal arguments included therein, and the accompanying Declaration of Aidan M. McCormack, with exhibits, dated August 1, 2008, the Affidavit of Ryan Brauns, with exhibits, and the Affidavit of Allen Parraga, sworn to on July 28, 2008, are expressly incorporated by reference herein.

## ARGUMENT

### POINT I

### THE EXCLUSION – INDEPENDENT CONTRACTORS / SUBCONTRACTORS BARS COVERAGE FOR THE AFTOUSMIS ACTION

The Exclusion – Independent Contractors/Subcontractors bars coverage for the claim. The exclusion bars coverage for "claims, loss, costs or expense arising out of the actions of independent contractors/subcontractors for or on behalf of any insured." **(Brauns Aff. Ex. B; ¶8)** Forthright's motion papers concede that the Wonder Works/Forthright "Subcontractor Agreement" lists Forthright as Wonder Works' subcontractor for the project. Forthright also concedes that, pursuant to its contract with Wonder Works, it hired all of the subcontractors for the project and that all of the work at the project, including the demolition, underpinning, and excavation work that caused the alleged damage, was done by Forthright's subcontractors. The claim arises out of this work. Thus, the exclusion applies to bar coverage.

#### A.    The Record Establishes That the Exclusion Applies

The record establishes that the exclusion applies since all of the work was done by Forthright's subcontractors. The February 19, 2004 Wonder Works / Forthright subcontract clearly shows that Forthright was acting as Wonder Works' subcontractor with respect to the

project. **(McCormack Dec. Ex. E)**[3] Neither Forthright nor Wonder Works performed any of the work at the project. Forthright was responsible for the construction of the entire project, including overseeing all of the work of its subcontractors. **(McCormack Dec. Ex. K, pp. 26-27, 37-28; Ex. L)** Forthright hired all the subcontractors for the project, including the demolition, excavation, and underpinning subcontractors MMG and ATY. **(McCormack Dec. Exs. F, G, H, I, J, and L)** Kanevsky testified that Forthright contracted with ATY to do the excavation, foundation, and underpinning work, and contracted with MMG Design to do the demolition work. **(McCormack Dec. Ex. K, p. 40, at 3-13; p. 41, at 15-24; p. 48, at 4-5)** He also testified that "[e]verybody who used to be on the project was under my supervision." **(Id., p. 38, at 20-21)** Similarly, Forthright's other co-owner, Rinat Yanborisov, testified in the Aftousmis action that Forthright "subcontracted all of the work within the scope of the February 19, 2004 contract [with Wonder Works]." **(McCormack Dec. Ex. L)** The record reveals that the claim arose out of the extensive excavation of the foundation, performed by Forthright's subcontractor, ATY, which resulted in a large hole more than ten feet deep. **(McCormack Dec. Ex. A)** ATY also did extensive underpinning work, which involved digging and creating holes under the foundation and directly adjoining the underlying plaintiffs' premises. **(McCormack Dec. Ex. A; Ex. K, p. 57)** As a result, the soil shifted and caused settlement damage, separation between the floor structure and east wall of the first floor, a hole in the boiler room floor, major wall and floor cracks and other damage to the underlying plaintiffs' premises. **(McCormack Dec. Exs. P, Q, R)**

---

[3]  References to "McCormack Dec." are to the Declaration of Aidan M. McCormack, with exhibits, in support of Atlantic Casualty's motion for summary judgment, and dated August 1, 2008.

All of the alleged damage was due to Forthright's subcontractors' work, and the claim arises out of this work. Thus, there is no coverage for the claim under settled New York law. See U.S. Underwriters Ins. Co. v. Congregation Kollel Tisereth, 2004 U.S. Dist. LEXIS 19608 (E.D.N.Y. 2004) ("Because Meneses alleges that he sustained bodily injuries while performing demolition work for a contractor retained by the Congregation, the independent contractors exclusion applies and U.S. Underwriters is not obligated to defend or indemnify the Congregation."); Mt. Vernon Fire Ins. Co. v. Chios Constr. Corp., 1996 U.S. Dist. LEXIS 414 (S.D.N.Y. 2006) (Court enforces independent contractors/subcontractors exclusion to bar coverage.)[4].

## B.    Forthright Has Not Proven That The Exception To The Exclusion Applies

Forthright has failed to prove that the exception to the exclusion applies since it has not shown that its subcontractors were "adequately insured." For the exception to apply, Forthright must establish that: (1) its subcontractors maintained at least $1,000,000 in general aggregate, products-completed operations, and each occurrence limits, and (2) it has a current certificate of insurance for the subcontractor, and (3) it has a hold harmless agreement in favor of Forthright, and/or (4) it has been added as an additional insured to the subcontractor's general liability policy. **(Brauns Aff. Ex. B; ¶8)** The purpose of this requirement is so that the subcontractor (or its insurer) would assume the insured's defense in the event of a claim or loss. Forthright has failed to satisfy this burden. To date, Forthright has not established that any of its subcontractors have purchased – let alone maintained – the required $1,000,000 each occurrence limit. To the

---

[4] Atlantic Casualty disagrees to Forthright's mischaracterization of Atlantic Casualty's disclaimer to contend that Atlantic Casualty does "not give any credence to the claims made in the underlying Aftousmis action regarding the cause of their property damage." (Forthright Aff. ¶105) To the contrary, in summarizing the allegations of the complaint in its disclaimer, Atlantic Casualty merely stated that the allegations speak for themselves and govern the duty to defend regardless of whether they are substantiated or not.

contrary, Atlantic Casualty repeatedly requested that Forthright produce any such policies in discovery. Forthright has failed to do so. Indeed, by letters dated March 27, 2008, May 9, 2008, and June 23, 2008, Atlantic Casualty specifically requested that Forthright produce all responsive documents, including its subcontractors' purported insurance policies. **(McCormack Dec. II, Ex. A)**[5] Moreover, at the June 13, 2008 conference, this Court specifically ordered the parties to immediately produce all responsive documents or state that it has produced all such documents in its possession. **(McCormack Dec. II, ¶5)** Forthright, however, has not produced any such policies, and it appears that the policies may not even exist. Rather, Forthright provided an affidavit from its counsel stating that it has examined all of its files and does not have any such insurance policies or any other responsive documents. **(McCormack Dec. Ex. T)** Thus, Forthright has not established that its subcontractors procured and maintained the requisite insurance policy limits for the exception to apply.

In addition, Forthright mistakenly relies on three certificates of insurance to prove that its subcontractors were "adequately insured." Notably, however, one of the certificates – the one naming MMG Design as the insured – plainly provides only a $1,000,000 <u>combined</u> <u>limit</u> for "BI/PD" and, thus, does not satisfy the $1,000,000 <u>each</u> <u>occurrence</u> limit required for the exception to apply. Further, Forthright's reliance on the certificates is misplaced since, under settled New York law, certificates of insurance are insufficient to establish that insurance has in fact been procured. This is especially true where, as here, each certificate relied upon by Forthright states that it "confers no rights," does not alter the coverage provided, and is for "information only." (Forthright's Motion Ex. J). See <u>N.Y. Marine & Gen. Ins. Co. v. Tradeline</u>

---

[5]    References to "McCormack Dec. II" are to the accompanying Declaration of Aidan M. McCormack, with exhibits, in opposition to Forthright's motion for summary judgment and in further support of Atlantic Casualty's motion for summary judgment, and dated August 15, 2008.

(L.L.C.), 266 F.3d 112, 123 (2nd Cir. 2001) ("'where a certificate . . . states expressly that it is subject to the terms and conditions of the policy, the language of the policy controls.'"); See St. George v. W.J. Barney Corp., 270 A.D.2d 171, 706 N.Y.S.2d 24, 25 (1st Dep't 2000) ("certificate of insurance ... is not a contract to insure"); Buccini v. 1568 Broadway Assocs., 250 A.D.2d 466, 673 N.Y.S.2d 398, 401 (1st Dep't 1998) (summary judgment for the insurer "is particularly appropriate where the [alleged additional insured] has only proffered a certificate ... but the policy itself 'establishes that the [alleged additional insured] was never named as an additional insured' because the [alleged additional insured] is not so designated in the policy.'"); Trapani v. 10 Arial Way Associates, 301 A.D.2d 644, 755 N.Y.S.2d 396, 399 (2d Dep't 2003) ("a certificate of insurance which expressly states that it is a matter of information only and confers **no rights upon the certificate holder** is insufficient, by itself, to show that such insurance has been purchased."); Horn Maintenance Corp. v. Aetna Cas. & Sur. Co., 225 A.D.2d 443, 639 N.Y.S.2d 355, 356 (1st Dep't 1996) ("certificate of insurance is ... not, in and of itself, a contract to insure.").[6] Here, despite repeated requests, Forthright has not produced any of its subcontractors' purported  polices and has stated that it does not have any further responsive documents in its possession. **(McCormack Dec. Ex. T)**

Finally, Forthright has failed to show that it has a hold harmless agreement with each of its subcontractors. Forthright's motion papers – and the record – prove that, at best, only two of Forthright's purported "subcontracts" contained hold harmless provisions: the ATY and N&C

---

[6]     See also Progressive Cas. Ins. Co. v. Yodice, 276 A.D.2d 540, 714 N.Y.S.2d 715, 717 (2d Dep't 2000) ("where the certificate states that it is provided as a matter of information and confers no rights upon the certificate holder, as in the case at bar, the certificate is simply notice to the insured that a policy has been issued."); Penske Truck Leasing Co. v. Home Ins. Co., 251 A.D.2d 478, 674 N.Y.S.2d 400, 401 (2d Dep't 1998) ("It is well-settled that a certificate of insurance . . . is insufficient, by itself, to establish that the certificate holder is insured."); McGill v. Polytechnic Univ., 235 A.D. 2d 400, 651 N.Y.S.2d 992, 994 (2d Dep't 1997) ("certificate of insurance which expressly stated that it was '[a] matter of information only and confer[red] no rights on the appellants' is insufficient, by itself, to show that it purchased the required insurance").

Iron Works subcontracts. **(McCormack Dec. Exs. G and H)**    The MMG and OMI "subcontracts" do not contain any hold harmless or insurance procurement provisions. **(McCormack Dec. Exs. F and I)**

The record clearly reflects that Forthright has not satisfied its burden of proving that the exception applies. Thus, the independent contractors/subcontractors bars coverage for <u>Aftousmis</u> action.

**POINT II**

**THE RECORD ESTABLISHES THAT THE GROSS BREACH OF THE NOTICE CONDITIONS OF THE ATLANTIC CASUALTY INSURANCE CONTRACTS BARS COVERAGE FOR THE AFTOUSMIS ACTION**

The record establishes that there was a gross breach of the notice conditions precedent to coverage, which bars coverage for the <u>Aftousmis</u> action. The Atlantic Casualty insurance contracts require, as a *condition precedent* to coverage, that each alleged insured provide Atlantic Casualty with timely written notice of an occurrence and immediate written notice of any claim or suit.  It also requires that the alleged insured immediately forward all suit and claim-related papers to Atlantic Casualty and that it otherwise cooperate with Atlantic Casualty's investigation and defense of the claim. Under settled New York law, the failure to provide the required timely written notice bars both the duty to defend and any duty to indemnify as a matter of law. <u>See</u> <u>Amer. Home Products Assur. Co. v. Internat'l Ins. Co.</u>, 90 N.Y.2d 433, 661 N.Y.S.2d 584 (1997) (failure to satisfy the notice requirement vitiates coverage under New York law); <u>Security Mut. Ins. Co. v. Acker-Fitzsimons Corp.</u>, 31 N.Y.2d 436, 440, 340 N.Y.S.2d 902, 905 (1972) (insured's late notice is a complete and total bar to coverage.).

Forthright's contention that it first learned of the alleged property damage when it received a February 2, 2007 letter from the underlying plaintiffs' counsel is plainly false. Rather,

the record unambiguously establishes that Forthright knew about the alleged and claim since 2004, but Atlantic Casualty did not receive the required written notice until February 28, 2007. Kanevsky testified at deposition that: (1) Forthright and Wonder Works representative were at the project each day, **(McCormack Dec. Ex. K, p. 51, at 24-25; p. 52, at 2-3; p. 65, at 4-8)**; (2) Forthright did a "damage inspection" of the premises after demolition work ended in March 2004, **(McCormack Dec. Exs. J and M)**; (3) in late 2004, Forthright again inspected the premises after the owner complained about cracks, and promised to "fix anything in the building" when Forthright's work is finished, **(McCormack Dec. Ex. K, pp. 102-103; p. 104, at 2-7)**; (4) in late 2005 or early 2006, Forthright again inspected the premises after being contacted by the building's superintendent, and observed cracks in the basement, **(<u>Id.</u>, p. 93, at 16-21; p. 95, at 12-24)**; and (5) Forthright inspected the premises at least three to four times during construction. **(<u>Id.</u>, p. 102, at 7-9)**

As the above record establishes, there is no merit to Forthright's contention that it first learned of the claim on February 2, 2007, and that it reasonably believed that it would not be liable for the alleged damage. Rather, Forthright did a damage inspection after the demolition work ended in March 2004, the owner complained about cracks, Kanevsky inspected the premises and observed cracks on several occasions, and in July 2005 and August 2006, the underlying plaintiffs filed complaints with the New York City Department of Buildings concerning the cracks allegedly caused by Forthright's and Wonder Works' work at the project. **(McCormack Dec. Ex. S)** Moreover, Kanevsky expressly promised the underlying plaintiffs that Forthright would "fix anything in the building" when Forthright's work is finished. **(<u>Id.</u>, p. 104, at 2-7)** Thus, the gross breach of the notice conditions plainly bars coverage for this claim.

Forthright, however, erroneously relies on the <u>Brandon v. Nationwide</u> decision to contend that Atlantic Casualty is required to prove prejudice to prevail on late notice. To the contrary, <u>Brandon v. Nationwide</u> does <u>not</u> change settled New York law holding that no prejudice is required to prevail on late notice. Rather, <u>Brandon v. Nationwide</u> was an uninsured/underinsured motorists coverage case where the Court required that the insurer show prejudice because it had already received a timely notice of claim, but denied coverage for the insured's subsequent failure to timely submit the suit papers. Here, even Forthright concedes that no notice was provided until February 28, 2007, nearly three years after Forthright first did a damage inspection of the premises and years after receiving complaints by the owner. Simply stated, New York law does <u>not</u> require Atlantic Casualty to prove prejudice to prevail on late notice. <u>See</u> <u>Briggs Ave., L.L.C. v. Ins. Corp.</u>, 516 F.3d 42, 49 (2nd Cir. 2008) ("New York, as the Court of Appeals has itself recognized, is one of increasingly few states that allow an insurer to disclaim based on a failure by an insured to inform the insurer in a timely fashion of the initiation of a suit, even if the insurer was not prejudiced by the delay in notification."); <u>Great Canal Realty Corp. v. Seneca Ins. Co.</u>, 5 N.Y.3d 742, 743 (2005) ("The insured's failure to satisfy the notice requirement constitutes 'a failure to comply with a condition precedent which, as a matter of law, vitiates the contract.' Hence, the carrier need not show prejudice before disclaiming based on the insured's failure to timely notify it of an occurrence.") (citations omitted); <u>York Specialty Food, Inc. v. Tower Ins. Co. of N.Y.</u>, 47 A.D.3d 589, 590, 850 N.Y.S.2d 409 (1st Dep't 2008) ("The insured's noncompliance with this requirement constitutes failure of a condition precedent, thus vitiating the contract as a matter of law, even without a showing of prejudice."). Moreover, even if prejudice were required (and it is not), Atlantic Casualty has proffered evidence of the substantial prejudice it sustained as a result of the gross late notice. **(Brauns Aff. ¶17)**

Accordingly, based on the plethora of evidence provided and well-settled New York law, the gross breach of the Atlantic Casualty insurance contracts bars any coverage for this claim.

## POINT III

### THE MATERIAL MISREPRESENTATIONS IN THE INSURANCE APPLICATIONS BAR COVERAGE

The material misrepresentations and failure to disclose material information in the applications for the Atlantic Casualty insurance contracts bar any coverage. Forthright represented on the insurance applications that its business is "drywall / wallboard installation," "residential carpentry", and "painting." **(Parraga Aff. Ex. A)** However, Forthright answered "no" to questions regarding whether any demolition exposure and whether structural operations were contemplated and whether, during the past 5 years, it worked on original structural construction, townhouses or did condominium, excavation, foundation, underpinning, earth moving, or tunneling work. Forthright also claimed that it only hired subcontractors to do painting work. **(Id.)** Each of these statements was inaccurate and bars coverage as a matter of law. Forthright, however, contends that there were no material misrepresentations or failure to disclose material information since it obtained the insurance policy before any of the work was performed. Forthright's work began at the project in February 2004. **(McCormack Aff. Ex. J)** What Forthright overlooks, however, is that it also failed to disclose this very same material information on the 11/24/2004-11/24/2005 and 11/24/2005-11/24/2006 insurance applications. Importantly, these applications were completed while Forthright was already working on the project. Moreover, they asked the very same questions concerning demolition, excavation, and underpinning work, and Forthright's use of subcontractors. **(Parraga Aff. Ex. A)** Had Atlantic Casualty known that Forthright was contemplating (and indeed, doing), such work, it would not have issued the Atlantic Casualty insurance contracts. **(Parraga Aff. ¶10)** See N.Y. Marine &

- 13 -

Gen. Ins. Co. v. Tradeline (L.L.C.), 266 F.3d 112, 123 (2nd Cir. 2001) ("A non-disclosed fact is material if it would have affected the insurer's decision to insure at all or at a particular premium."); Phila. Indem. Ins. Co. v. Horowitz, Greener & Stengel, LLP, 379 F. Supp. 2d 442, 453 (S.D.N.Y. 2005) ("A misrepresentation is material if 'knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer' to issue the exact policy the insurer did issue.").

Accordingly, Forthright's material misrepresentations and failure to disclose material information on the insurance applications bar coverage and entitle Atlantic Casualty to summary judgment as a matter of law.

## POINT IV

## THE SUBSIDENCE EXCLUSION BARS COVERAGE
## FOR THE AFTOUSMIS ACTION

The Exclusion – Subsidence also bars coverage for the Aftousmis action. It bars coverage for damage "caused by, resulting from, attributable to or contributed to, or aggravated by the subsidence of land as a result of … earth sinking or shifting, resulting from the operations of the Named Insured or any other subcontractor of the Named Insured…." **(Brauns Aff. Ex. A)** Here, the record, including expert reports, establishes that Forthright and Wonder Works excavated huge holes below the street line of the underlying plaintiffs' adjoining premises, which caused earth shifting, structural separation and major cracks in the premises. **(McCormack Dec. Ex. A; Ex. P, p. 2; Ex. Q, p. 1; Ex. R, p. 1)** The alleged damage squarely falls under the subsidence exclusion in the insurance contracts and, thus, there is no coverage for this claim. See Labate v. Liberty Mut. Ins. Co., 45 A.D.3d 811 (2d Dep't 2007) (Court holds that an "Earth movement" exclusion in a homeowner's insurance policy bars coverage for damages to the insured's home due to the settling and cracked of walls and floors of the insured's home.); Cali v. Merrimack

<u>Mut. Fire Ins. Co.</u>, 43 A.D.3d 415 (2d Dep't 2007) (Court holds that an "earth movement" exclusion bars coverage under a homeowner's insurance policy for a claim alleging that the concrete slab foundation supporting the insured's home settled, sank, and cracked.). Accordingly, Atlantic Casualty's motion for summary judgment should be granted.

**POINT V**

**THE OTHER INSURANCE DEFENSE BARS COVERAGE
FOR THE AFTOUSMIS ACTION**

Forthright and Wonder Works have other insurance available for the <u>Aftousmis</u> action. The Atlantic Casualty insurance contracts expressly state that they are excess of any other insurance available to the insured. **(Brauns Aff. Ex. B)** Forthright's and Wonder Works' discovery responses indicate that Sirius America Insurance Company and Tower Insurance Company also provided general liability insurance to Forthright during the period of the alleged damage at the project. **(McCormack Dec. Exs. M and N)** Wonder Works also concedes that it had its own insurance with Arch Insurance. **(McCormack Dec. Ex. N)** Further, both Wonder Works and Forthright commenced separate third-party actions in the <u>Aftousmis</u> action against subcontractors N&C, OMI, ATY, Monaco, and MMG seeking reimbursement for any liability and fees incurred in the defense of the <u>Aftousmis</u> action. **(McCormack Dec. Exs. B and C)** The Atlantic Casualty insurance contracts are excess to the primary insurance provided by Sirius America, Tower Insurance, and Arch Insurance to Forthright and Wonder Works. Accordingly, there is no coverage for the <u>Aftousmis</u> action since the Atlantic Casualty insurance contracts are expressly excess to any such other insurance.

## POINT VI

### THE CLAIMS IN PROCESS EXCLUSION BARS<br>COVERAGE FOR THE AFTOUSMIS ACTION

The Claims In Process Exclusion bars coverage for the <u>Aftousmis</u> action under the 11/24/2004-11/24/2005 and 11/24/2005-11/24/2006 insurance contracts. It bars coverage for any "bodily injury" or property damage" claim that "first occurred" before the policy incepted or which is "in the process of occurring" on the date the policy incepted. It also applies regardless of whether the insured knew of the alleged damage. **(Brauns Aff. Ex. B)** Here, the claim arises out Forthright's and Wonder Works' alleged negligent work that damaged the premises. **(McCormack Dec. Ex. A)** The demolition work at the project ended in March 2004 and Forthright did a "damage inspection" in March 2004. **(McCormack Dec. Exs. J and M)** In late 2004, complained about cracks in his basement, so Forthright again inspected the premises. **(McCormack Dec. Ex. K, pp. 102, 103)** The cracks worsened over time. **(McCormack Aff. Exs. P, Q, and R)** The Atlantic Casualty insurance contracts' periods are from 11/24/2003 – 11/24/2004, 11/24/2004 – 11/24/2005, and 11/24/2005 – 11/24/2006. The record and Kanevsky's own words establish that the exclusion applies to bar coverage under the 11/24/2004-11/24/2005 and 11/24/2005-11/24/2006 insurance contracts. Kanevsky knew about the alleged damage by the damage inspection in March 2004, which was at least <u>eight months before</u> the 11/24/2004– 11/24/2005 insurance contract incepted. **(McCormack Dec. Ex. J)** Moreover, since the cracks worsened over time, the claim was "in the process of occurring" when the 11/24/2004- 11/24/2005 and 11/24/2005-11/24/2006 insurance contracts incepted.

Thus, there is no coverage for the claim under the 11/24/2004-11/24/2005 and 11/24/2005-11/24/2006 insurance contracts. Accordingly, the Court should grant Atlantic Casualty's motion for summary judgment.

## POINT VII

### THERE IS NO COVERAGE SINCE THE CLAIM DOES NOT FALL WITHIN THE SCOPE OF THE CLASSIFICATION LIMITATION ENDORSEMENT IN THE 11/24/05-06 INSURANCE CONTRACT

There is no coverage since the alleged damage arises out of work outside the scope of the risk that Atlantic Casualty agreed to insure under the Classification Limitation endorsement in the 11/24/2005-11/24/2006 Atlantic Casualty insurance contract. The endorsement limits coverage to property damage "arising out of only those operations described by the classification on the Commercial General Liability Coverage Declarations, its endorsements, and supplements." **(Brauns Aff. Ex. B)** The business described on the Atlantic Casualty insurance contract is "dry wall or wallboard installation." (Code No. 92338). **(Id.)** It also states that carpentry classification consists of "construction of residential property not exceeding three stories in height." (Code No. 91340) **(Id.)** Finally, with respect to contractors, it states that the classification is "subcontracted work – in connection with building construction, reconstruction, repair or erection – one or two family dwellings." (Code No. 91583) **(Id.)**

Here, Wonder Works hired Forthright as its subcontractor to build the project. **(McCormack Dec. Ex. E)** Kanevsky's own words confirm that the project required the construction of a condominium complex consisting of a five-story building and a seven-story building. **(McCormack Dec. Ex. J)** The project also involved demolition, underpinning, excavation, and related work. **(McCormack Dec. Ex. J; K, pp. 37, 51-52, 57)** Plainly, the work Forthright contracted to perform for Wonder Works was not within the classification limitation of the 11/24/2005-11/24/2006 insurance contract. The type of insured work was limited to "Drywall Install, Carpentry." Further, the work was limited to residences "not exceeding three stories in height." (code 91340) **(Brauns Aff. Ex. B)** (emphasis added). Here, the project

required the construction of a five-story building and a seven-story building as part of a condominium complex, including all excavation, underpinning, and demolition work. (McCormack Dec. Exs. J, K, 37, 51-52, 57)  The work clearly exceeded the scope of the endorsement and is thus not covered by the 11/24/2005-11/24/2006 insurance contract.

## CONCLUSION

For the reasons expressed herein, Atlantic Casualty respectfully requests that this Court grant its motion for summary judgment and declare that it has no obligation whatsoever with respect to the Aftousmis action.

Dated: New York, New York
      August 15, 2008

Aidan M. McCormack, Esq.
Cyril E. Smith, Esq.
Nixon Peabody LLP
*Attorneys for Plaintiff*
*Atlantic Casualty Insurance Company*
437 Madison Avenue
New York, New York 10022
(212) 940-3000

TO:    Michael L. Smar, Esq.
       McCabe, Collins, McGeough & Fowler, LLP
       *Attorneys for Defendant*
       *Wonder Works Construction Corp.*
       346 Westbury Avenue – P.O. Box 9000
       Carle Place, New York  11514

       William Pager, Esq.
       Law Offices of William Pager
       *Attorneys for Defendant*
       Forthright Construction, Inc.
       470 Kings Highway
       Brooklyn, New York 11223

Steve Newman, Esq.
Law Offices of Steve Newman
*Attorneys for Defendant*
Vasilis and Constantia Aftousmis
65 Broadway, Suite 825
New York, New York  10006

11114410