# McCORMACK DECLARATION II
# EXHIBIT A

Case 1:07-cv-04098-DC    Document 21-2    Filed 08/15/2008    Page 1 of 11

# NIXON PEABODY LLP

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000

Cyril E. Smith
Fax: (212) 940-3111
Direct Dial: (212) 940-3026
Direct Fax: (866) 277-9259
E-Mail: csmith@nixonpeabody.com

By Fax (718) 998-8046

March 27, 2008

William Pager, Esq.
Law Offices of William Pager
470 Kings Highway
Brooklyn, New York 11223

      Re:    Atlantic Casualty Ins. Co. v. Forthright Construction, Inc., et al., Case No.: 1:07-cv-04098-DC, United States District Court, Southern District of New York.

Dear Counsel:

      We represent Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") in the above-referenced matter.

      We write to further to our receipt of your client's, Forthright Construction, Inc, interrogatory responses and document production, dated March 4, 2008, in response to Atlantic Casualty's First Set of Document Requests and First Set of Interrogatories. We thank you for the responses and documents, but note that they are deficient in several respects. For example:

## Forthright's Document Production

      1.    Forthright has not produced all of the subcontracts that it entered into with respect to the project at issue in the underlying and above-captioned actions. Atlantic Casualty's document request number 11. specifically requested that Forthright produce "any document, contract, or agreement, whether oral or written, between Forthright, Wonder Works, and any contractor, subcontractor, owner, and/or any other entity with respect to the Project." Forthright, however, has only produced its subcontracts with N & C Iron Works ("N&C") and ATY Construction ("ATY"). Forthright did not produce any subcontract agreements it entered into with O.M.I. Construction Corp., Monaco Construction Corp., and MMG Design, Inc. Atlantic Casualty requests that Forthright immediately produce these subcontracts, including any exhibits or attachments, since they are essential to Atlantic Casualty's position in this matter.

      2.    Forthright has not produced Exhibit A to the subcontracts it entered into with N&C and ATY. The subcontracts produced specifically state that the "Insurance Schedule" is attached as Exhibit A. However, no such document was produced. Atlantic Casualty thus requests that Forthright immediately produce Exhibit A to these subcontracts.

William Pager, Esq.
March 27, 2008
Page 2

     3.     Forthright has not produced Exhibits A, B, C, E, and F of the "Wonder Works Construction Corp. Subcontractor Agreement." The subcontract specifically refers to and includes these exhibits. However, they were not produced. Atlantic Casualty thus requests that Forthright immediately produce Exhibit A, B, C, E, and F of this subcontract.

     4.     Forthright has not produced the third-party complaint, motion papers, and other pleadings and documents it filed and prepared in the underlying action. Forthright's document production included the affidavits of Rinat Yanborisov and Mark Kanevsky in opposition to the underlying plaintiffs' motion for summary judgment. The affidavits indicate that Forthright had filed a third-party complaint in the underlying action. Forthright, however, has not produced the third-party complaint, any responses to the third-party complaint, and/or any other pleadings or documents in the underlying action. Atlantic Casualty's document request number 4. specifically requested that such documents be produced. Atlantic Casualty thus requests that Forthright immediately produce these documents.

     5.     Forthright has not produced complete copies of the Tower Insurance Company and Sirius America Insurance Company insurance policies in response to Atlantic Casualty's document request number 1. Forthright has only produced a few pages of each policy. Atlantic Casualty thus requests that Forthright immediately produce a complete of each policy.

     6.     Forthright has not produced any correspondence between it and the underlying claimants concerning the project, alleged claims, and the litigation. Atlantic Casualty's document requests specifically requested this information. Please immediately produce all such document(s).

     7.     Forthright has not produced any documents with respect to its tender or notice of the incident, claim, and underlying action to any insurer. Atlantic Casualty's document requests specifically requested this information. Please immediately produce all such document(s).

**Forthright's Interrogatory Responses**

     1.     Forthright's response to interrogatory number 15. states that it first informed its insurers of the underlying incident, claim, and action "on February 7, 2004, after receiving a letter from the Law Offices of Steve Newman." The document production, however, does not include this letter. Accordingly, Atlantic Casualty requests that Forthright confirm that the February 7, 2004 date is accurate and immediately produce a copy of Steve Newman's letter that Forthright received on February 7, 2004.

     2.     In response to interrogatory number 16. Forthright states that it faxed Steve Newman's letter to Wonder Works and the insurance broker. The document production, however, does not include a copy of the fax. Accordingly, Atlantic Casualty requests that Forthright confirm that it faxed Steve Newman's letter to Wonder Works; the date that it faxed

William Pager, Esq.
March 27, 2008
Page 3

the letter to Wonder Works; and immediately produce a copy of the fax to Wonder Works and the broker.

### Supplemental Document Requests

Atlantic Casualty hereby requests that Forthright all also produce the following documents within thirty (30) days of the date of service hereof pursuant to the Federal Rules of Civil Procedure:

(1) Any and all certificates of insurance provided by any of the subcontractors referred to in paragraphs 1. and 2. above and in Forthright's interrogatory responses and document production.

(2) Any and all insurance policies issued to any subcontractor(s) under which Forthright is entitled to, may be entitled to, and/or seeks entitlement to coverage as a named or additional insured with respect to the project at issue in the underlying and above-referenced actions.

As set forth above, Atlantic Casualty requests that Forthright supplement its responses and immediately produce the documents requested above. As you know, Forthright's complete and accurate responses and documents are essential to Atlantic Casualty's position in this litigation.

Please do not hesitate to contact us with any questions you may have.

Very truly yours,

Cyril E. Smith



## NIXON PEABODY LLP
ATTORNEYS AT LAW

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000

Cyril E. Smith
Fax: (212) 940-3111
Direct Dial: (212) 940-3026
Direct Fax: (866) 277-9259
E-Mail: csmith@nixonpeabody.com

By Fax (718) 998-8046 and
Certified Mail, Return Receipt Requested

May 9, 2008

William Pager, Esq.
Law Offices of William Pager
470 Kings Highway
Brooklyn, New York 11223

    Re:    <u>Atlantic Casualty Ins. Co. v. Forthright Construction, Inc., et al.</u>, Case No.: 1:07-cv-04098-DC, United States District Court, Southern District of New York.

Dear Mr. Pager:

    We represent Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") in the above-referenced matter. We again write to request that your client, Forthright Construction, Inc., provide complete responses and documents in response to Atlantic Casualty's Atlantic Casualty's First Set of Document Requests and First Set of Interrogatories. As you know, by letter dated March 27, 2008, we wrote to you regarding your clients' deficient interrogatory responses and document production, dated March 4, 2008. As set forth in our March 27, 2008 letter, Forthright's responses and documents are deficient and should be supplemented as soon as possible. To date, however, Forthright has not responded to our letter and has not supplemented its responses or documents as specifically requested.

    We refer you to our March 27, 2008 letter, a copy of which is attached again for your response. In that letter, we specifically set forth the areas in which Forthright's responses are deficient and the documents that were demanded by Atlantic Casualty, but were not produced by Forthright. These include: (i) agreements between Forthright and its subcontractors, with attached exhibits, with respect to the project, (ii) complete copies of Forthright's and its subcontractors' insurance policies, (iii) Forthright's documents with respect to its alleged tender or notice of the incident, claim, and underlying action to any insurer, and (iv) correspondence between Forthright and the underlying plaintiffs concerning the project, alleged claims, and the litigation. We have not received any of such documents, although they were specifically demanded in Atlantic Casualty's initial discovery requests.

    Your client's prompt and complete responses and documents are essential to Atlantic Casualty's position in this matter. Thus, we again ask that you produce these documents and

William Pager, Esq.
May 9, 2008
Page 2

provide the requested information as soon as possible so that discovery can be resolved without any intervention by the Court.

    Please do not hesitate to contact us with any questions you may have.

Very truly yours,

Cyril E. Smith

Enclosure

# NIXON PEABODY LLP
ATTORNEYS AT LAW

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000

Cyril E. Smith
Fax: (212) 940-3111
Direct Dial: (212) 940-3026
Direct Fax: (866) 277-9259
E-Mail: csmith@nixonpeabody.com

<u>By Fax (718) 998-8046 and</u>
<u>Certified Mail, Return Receipt Requested</u>

June 23, 2008

William Pager, Esq.
Law Offices of William Pager
470 Kings Highway
Brooklyn, New York 11223

  Re: <u>Atlantic Casualty Ins. Co. v. Forthright Construction, Inc., et al.</u>, Case No.: 1:07-cv-04098-DC, United States District Court, Southern District of New York

Dear Mr. Pager:

  We represent Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") in the above-referenced matter.

  We write further to the Honorable Judge Denny Chin's statements at the June 13, 2008 pre-trial conference regarding Forthright Construction, Inc.'s ("Forthright") responses to Atlantic Casualty's discovery requests. At the conference, Judge Chin stated that Forthright should re-examine its files, document production, and written responses to confirm that it has fully responded to Atlantic Casualty's interrogatories and produced all documents responsive to Atlantic Casualty's discovery requests. In addition, Judge Chin stated that Forthright, to the extent it contends that it has produced all responsive documents and information, provide a detailed statement to that effect to Atlantic Casualty. To date, we have not received any statement from Forthright confirming that it has produced all responsive documents and that no other responsive documents exist or are in its possession.

  Forthright has not still produced all responsive documents to Atlantic Casualty. To date, Forthright has not produced the following documents that Atlantic Casualty has repeatedly requested:

  (1) complete copies of the Tower Insurance and Sirius America insurance policies issued to Forthright. Forthright's June 10, 2008 letter states that its accompanying document production contains complete copies of the above policies. To the contrary, the documents produced contain only four (4) declarations pages from the Tower Insurance policy and two (2) declarations pages from the Sirius America policy. Thus, to date, Forthright has not produced complete copies of both policies that Atlantic Casualty has repeatedly requested. Atlantic

William Pager, Esq.
June 23, 2008
Page 2


Casualty again requests that Forthright immediately produce these policies or provide a sworn statement that it does not have and cannot obtain complete copies of these policies within ten (10) days.

(2) Forthright's subcontract with OMI Construction Corp. Forthright's June 10, 2008 letter claims that the OMI subcontract is included with the accompanying production. However, the purported OMI "contract" states that it is an estimate for OMI's work at the project. We note that the word "contract" has apparently been handwritten into the document next to the word "estimate." Thus, we request that Forthright either produce its complete written subcontract with OMI or provide a sworn statement within ten (10) days confirming that the "Contract – Estimate" in Forthright's June 10, 2008 production is the only "subcontract" between OMI and Forthright with respect to this project.

(3) Forthright's subcontract with MMG Design. Forthright's June 10, 2008 letter claims that the MMG Design subcontract is included with the accompanying documents. However, the only documents produced are four pages that detail the scope of MMG Design's work at the project, which were apparently "accepted" by Mr. Rinat Yanborisov of Forthright. Thus, we request that Forthright either produce its complete written subcontract with MMG or provide a sworn statement within ten (10) days confirming that the documents contained in its Forthright's June 10, 2008 production are the only "subcontract" between MMG Design and Forthright with respect to this project.

(4) Forthright's subcontract with Monaco Construction Corp. Forthright has not produced this document to date. Thus, we request that Forthright either produce a complete copy of its subcontract with Monaco Construction Corp. or provide a sworn statement that no such subcontract exists within ten (10) days.

(5) The third-party complaint, motion papers, and other pleadings and documents Forthight filed and prepared in the underlying action. Forthright has not produced the third-party complaint, responses to the third-party complaint, and/or any other pleadings or documents related to the underlying action. Atlantic Casualty thus requests that Forthright produce these documents within ten (10) days.

(6) Documents evincing Forthright's tender or notice of the incident, claim, and underlying action to any insurer, including Atlantic Casualty. Atlantic Casualty has repeatedly requested that Forthright produce these documents, but it has not done so to date. Thus, we request that Forthright either produce each document purporting to tender the underlying incident, claim, and suit to any insurer, including Atlantic Casualty, or provide a sworn statement that no such document exists or ever existed within ten (10) days.

(7) Any and all insurance policies issued to any subcontractor(s) under which Forthright is entitled to, may be entitled to, and/or seeks entitlement to coverage as a named or additional insured with respect to the project at issue in the underlying and above-referenced

William Pager, Esq.
June 23, 2008
Page 3

actions. To date, Forthright has not produced any such document(s). Thus, we again request that Forthright either produce any such policy(ies) or provide a sworn statement that no such document exists within ten (10) days.

Finally, Atlantic Casualty also requests that Forthright provide a sworn statement that its June 10, 2008 production of Exhibits A, B, C, E, and F of its contract with Wonder Works are in fact complete and accurate. Significantly, the exhibit references have been handwritten in. Thus, please confirm within ten (10) days that these in fact the true and complete copies of the exact exhibits attached to the Forthright – Wonder Works contract.

Please note that the Court has set a July 18, 2008 deadline for the filing of summary judgment motions in this matter. Thus, Forthright's prompt and complete responses and documents are essential to Atlantic Casualty's position in this matter. Accordingly, we again ask that you produce these documents and provide the requested information within ten (10) days. Conversely, if no such documents exist or Forthright's June 10, 2008 document production constitutes all responsive documents in Forthright's possession, please provide a sworn statement to that effect within ten (10) days so as to avoid the need for further Court intervention into this matter.

Please do not hesitate to contact us with any questions you may have.

Very truly yours,

Cyril E. Smith

11062170

NIXON PEABODY LLP



## NIXON PEABODY LLP
ATTORNEYS AT LAW

437 Madison Avenue
New York, New York 10022-7001
(212) 940-3000

Cyril E. Smith
Fax: (212) 940-3111
Direct Dial: (212) 940-3026
Direct Fax: (866) 277-9259
E-Mail: csmith@nixonpeabody.com

By Fax (516) 873-9496 and
Certified Mail, Return Receipt Requested

June 23, 2008

Michael L. Smar, Esq.
McCabe, Collins, McGeough & Fowler, LLP
346 Westbury Avenue – P.O. Box 9000
Carle Place, New York 11514

    Re:    Atlantic Casualty Ins. Co. v. Forthright Construction, Inc., et al., Case No.: 1:07-cv-04098-DC, United States District Court, Southern District of New York

Dear Mr. Smar:

    We represent Plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") in the above-referenced matter.

    We write further to the Honorable Judge Denny Chin's statements at the June 13, 2008 pre-trial conference regarding Works Construction Corp.'s ("Wonder Works") outstanding discovery responses to Atlantic Casualty's discovery requests. At the conference, Judge Chin stated that Forthright Construction, Inc. ("Forthright") and Wonder Works should re-examine their files, document production, and written responses to confirm that they have fully responded to Atlantic Casualty's interrogatories and discovery requests. In addition, Judge Chin stated that, to the extent that Wonder Works contends that it has produced all responsive documents and information, it should provide a detailed statement to that effect to Atlantic Casualty.

    Further to Judge Chin's statements, Atlantic Casualty hereby requests that Wonder Works either supplement is prior responses to Atlantic Casualty regarding the following:

    (1)    Information concerning all contractors and subcontractors hired by Wonder Works with respect to the project. Wonder Works' prior responses only identified Forthright. Please supplement this response or provide a sworn statement within ten (10) days whether the statement is accurate.

    (2)    Information regarding any insurance policy under which Wonder Works was ever an insured from January 1, 2003 through the date Atlantic Casualty's discovery was served. Wonder Works identified the Tower Insurance Company and Sirius America Insurance

Michael L. Smar, Esq.
June 23, 2008
Page 2

Company insurance policies. These policies, however, were issued to Forthright, not Wonder Works. Thus, we again request that Wonder Works produce each insurance policy issued to <u>Wonder Works</u> from January 1, 2003 through the date Atlantic Casualty's discovery was served or provide a sworn statement within ten (10) days that no such documents exist.

    (3)    Finally, we request that Wonder Works either supplement its responses and documents or provide a sworn statement within ten (10) days confirming that it has produced (i) all documents relating to its tender of the claim to any insurer, including Atlantic Casualty, (ii) all correspondence between Wonder Works and the Aftousmis plaintiffs (or their counsel) regarding the alleged incident, claim, and suit, and (iii) all correspondence between Wonder Works and Forthright regarding the alleged incident, claim, and suit.

Please note that the Court has set a July 18, 2008 deadline for the filing of summary judgment motions in this matter. Thus, Wonder Works' prompt and complete responses and documents are essential to Atlantic Casualty's position in this matter. Accordingly, we again ask that you produce these documents and provide the requested information within ten (10) days. Conversely, if no such documents exist or Wonder Works' contends that its document production to date is complete and accurate, please provide a sworn statement to that effect within ten (10) days so as to avoid the need for further Court intervention into this matter.

Please do not hesitate to contact us with any questions you may have.

Very truly yours,

Cyril E. Smith

11062810